*Supp. 3 Opinion
COLE, P. J.
We must determine whether, under the following undisputed facts, defendant made an illegal U-tum in violation of Vehicle Code section 22102.[1] Defendant, southbound within a business district, made a left turn, crossed northbound lanes, entered into a driveway on the easterly side of the street, backed up to head northward, then proceeded in a northerly direction and parked at the east curb.
In 1958 the Supreme Court held, in Butigan v. Yellow Cab Co. 49 Cal.2d 652, 656 [320 P.2d 500], that a similar maneuver was not a U-tum in violation of then section 541,[2] the predecessor to section 22102. In 1970 the Legislature, for the first time defined U-tum. It enacted section 665.5 which reads: “A ‘U-turn’ is the turning of a vehicle upon a highway so as to proceed in the opposite direction whether accomplished by one continuous movement or not.”
On this appeal defendant argues that the statute is unclear. She points out that nothing in section 665.5 refers to the use of a driveway. The argument in effect is that when the Legislature intends to forbid the use of a driveway in making a turn it knows how to do so. Section 22104 reads: “No person shall make a U-tum in front of the driveway entrance or approaches to a fire station. No person shall use the driveway entrance or approaches to afire station for the purpose of turning a vehicle so as to proceed in the opposite direction. ” (Italics supplied.)
That section was first added to the Vehicle Code in 1955 as section 541.5. At that time, and in 1959 when it was renumbered to become section 22104, there was no definition of U-tum in the code; and the section did not mention U-tum as such.[3] It is significant, we think, that *Supp. 4 the Legislature amended section 22104 into its present language in the same statute (Stats. 1970, ch. 620, § 4) which adopted section 665.5 (Stats. 1970, ch. 620, § 1). The first sentence of section 22104 prohibits a “U-turn” in front of a fire station driveway. The word “U-tum” was put into that sentence at the same time as U-tum was first defined in the Vehicle Code. But the second sentence of section 22104 separately proscribes a turning movement which uses a driveway, albeit that of a fire station, without calling it a “U-tum.” Thus the Legislature has described two separately prohibited ways of turning a car around, in section 22104 and has called only one of them a U-turn.
We cannot fairly read section 22102, involved here, to include the use of a driveway, since that section’s reference to a “U-turn” was inserted at the same time and by the same 1970 statute (ch. 620, § 2). A myriad of cases instructs us that statutes relating to the same subject matter are to be constmed together and harmonized if possible (e.g., Brandt v. Superior Court (1967) 67 Cal.2d 437, 442 [62 Cal.Rptr. 429, 432 P.2d 31]). “Both Acts were passed upon the same day and relate to the same subject matter. They are, therefore, according to a well settled rale of interpretation, to be read together, as if parts of the same Act. .. .” (People v. Jackson (1866) 30 Cal. 427, 430.) In the light of these guidelines, we construe section 22102 not to prohibit a turn accomplished by the use of a driveway, such as occurred here.[4]
Butigan v. Yellow Cab Co., supra, 49 Cal.2d 652, in stating that the use of a driveway did not constitute a “U-tum” said “Neither the making of a left turn into a private driveway nor the backing out of a driveway is in itself prohibited, and the [then] section does not specify that the combination of the two, when the driver’s real purpose is to proceed in the opposite direction, must be treated as a single, complete turn coming within the prohibition of the statute.” (Id., at p. 656.) The People urge that the language of section 665.5 which defines a U-turn as the turning of a vehicle upon a highway so as to proceed in the opposite direction “whether accomplished by one continuous movement or not” was designed to meet the holding of Butigan. Clearly, as the People suggest, one turning a vehicle on a narrow street, so as to go in the other direction, and having to make a series of backings and fillings to accomplish that result, would have made a U-turn within the present definition. But in urging, without citation of other authority, that the *Supp. 5 definition likewise extends to turns which involve the use of driveways, the People fail to take into account the statutory history which we have recited here. If the Legislature desires to prohibit the type of turn which defendant made in this case it can easily do so, without ambiguity, as it has done in the second sentence of section 22104.
The judgment is reversed.
Pacht, J., and Ibáñez, J., concurred.

Vehicle Code section 22102 states: “No person in a business district shall make a U-turn, except at an intersection, or on a divided highway where an opening has been provided in accordance with Section 21651.” All section references in this opinion are to sections of the Vehicle Code unless otherwise indicated.

Section 541 read, in applicable part: “No vehicle in a business district shall be turned so as to proceed in the opposite direction, except at an intersection.” When the Vehicle Code was revised in 1959, section 541 was repealed and its language placed into section 22102. In 1961 the second exception was added to section 22102 and the section was cast into its present language in 1970.

The section read: “No vehicle in front of the driveway entrance or approaches to a fire station shall be turned so as to proceed in the opposite direction. No vehicle shall use the driveway entrance or approaches to a fire station for the purpose of turning so as to proceed in the opposite direction.”

This interpretation makes it unnecessary to consider whether the driveway involved here falls within the definition of “highway” incorporated in section 665.5.