Opinion
 

 POTTER, J.
 

 Plaintiff County of Los Angeles appeals from a judgment dismissing its action against defendant Donald Bruce Ferguson. The action was brought “on behalf of the minor child named hereinafter [Martin Ferguson, born on Mar. 2, 1960], under the provisions of Sections 11350.1 and 11475.1 of the Welfare and Institutions Code.” The prayer sought as relief a judgment “[t]hat the defendant be ordered to pay a reasonable amount each month toward the support of said minor child, through the Court Trustee, pursuant to Section 4702(a/b) of the Civil Code. . . .”
 

 Defendant answered the complaint and set up as a defense the existence of a judgment under the Family Law Act in dissolution proceedings between defendant and his former wife, Eileen Marie Fergüson, the mother of Martin Ferguson, in the Superior Court for the County of Orange, case No. D 1194. The answer attached a copy of an order of July 21, 1972, modifying a prior interlocutory decree of April 13, 1966, which established Ferguson’s obligation to support Martin at $50 per month, “commencing July 1, 1972, and continuing until further order of Court.” The answer averred that defendant had been complying with the terms and provisions of the order ever since it was entered and had “been paying $50.00 per month for the support of Martin Ferguson. . . .”
 

 Defendant made a motion to dismiss, supported by a declaration stating the foregoing defensive matter, which was not controverted by plaintiff.
 

 The trial court noted that defendant’s contentions “at this stage, appear correct, but are not legal basis for dismissal.” However, the court granted “judgment on the pleadings for the reasons stated” in an attached copy of
 
 *553
 
 the minute order in a comparable matter heard the same date. This minute order referred to several deficiencies in the form complaint used in both actions, including the failure of the complaint to allege that (1) the residence of the mother and child was Los Angeles County, (2) the minor was in receipt of public assistance from the County of Los Angeles, or (3) defendant was in default of a “valid order for child support” in existence in another county.
 
 [1]
 

 The order granting judgment on the pleadings also granted plaintiff 30 days’ leave to amend; however, plaintiff declined to do so and a judgment (order of dismissal) was entered on December 22, 1977.
 

 A notice of appeal was filed February 17, 1978. Thereafter, on March 2, 1978, the minor reached the age of 18 with the result that defendant no longer had any obligation to support him. Defendant’s motion to dismiss the appeal as moot was denied.
 

 Contentions
 

 Plaintiff contends that: (1) the appeal is not moot; (2) the residence of the mother and the minor in Los Angeles County is not a requisite for jurisdiction and, in any event, is adequately pleaded; (3) the failure of the complaint to allege facts showing plaintiff’s standing to sue in behalf of the minor could “only be raised by a motion to dismiss”; and (4) the existence of the Orange County order for child support does not defeat plaintiff’s standing to sue under Welfare and Institutions Code sections 11350.1 and 11475.1. Defendant controverts all of plaintiff’s contentions.
 

 Discussion
 

 Summary
 

 The appeal is not moot and, in any event, it presents important issues of law of general public interest. If there is any requirement that the minor or his mother reside in Los Angeles County, such residence has been adequately pled. However, for an action to be maintained by plaintiff pursuant to Welfare and Institutions Code sections 11350.1 and 11475.1, it is necessary either that the minor or the minor’s mother be granted aid by the county or that the district attorney be requested to enforce the support obligation by the individual on whose behalf the
 
 *554
 
 enforcement efforts will be made. The failure of the complaint to allege either of these facts justified a dismissal upon refusal to amend. The existence of a valid order for child support in the Orange County Family Law Act proceedings required the same result, since this judgment would supersede any inconsistent result in the instant proceedings. The only remedy available to plaintiff under the circumstances was an application to the Orange County Superior Court for an order increasing the amount of support previously ordered. We will, therefore, affirm the judgment.
 

 The Appeal Is Not Moot
 

 In a proper proceeding to increase the amount of support payable by defendant, the court would be empowered to award such increase from the date of filing of the complaint or order to show cause.
 
 (Richter
 
 v.
 
 Superior Court
 
 (1963) 214 Cal.App.2d 821, 823 [29 Cal.Rptr. 826];
 
 Mathews
 
 v.
 
 Hornbeck
 
 (1927) 80 Cal.App. 704, 706-707 [252 P. 667]; Civ. Code, § 4700, subd. (a).) Consequently, the fact that defendant’s obligation terminated as of the minor’s 18th birthday would not relieve defendant of his liability for such support for the period from the filing of the action to such date. Any support order rendered in such proceedings in which the custodial parent was shown to be “receiving welfare moneys for the maintenance of minor children” (Civ. Code, § 4702, subd. (a)) would be payable to the court trustee pursuant to this section to satisfy defendant’s obligation to reimburse plaintiff. Consequently, proceedings properly instituted and maintained by plaintiff to enforce defendant’s obligation would be unaffected by the subsequent majority of the minor except as to support payments due after such majority. Thus, it is necessary to determine whether a plaintiff did properly institute and maintain any such proceedings.
 

 Furthermore, it is apparent that there are important questions which are of recurring general public interest presented by this appeal. Plaintiff is a governmental agency charged with responsibility for “effectively enforcing the obligation of parents to support their children” (Welf. & Inst. Code, § 11475.1) and apparently is experiencing difficulty in carrying out this responsibility as a result of differences of opinion between its legal representative, the district attorney, and the superior court as to how this function should be executed. It is in the public interest that these differences be resolved. “Such questions do not become moot by reason of the fact that the ensuing judgment may no longer be binding upon a party to the action.”
 
 (County of Madera
 
 v.
 
 *555
 

 Gendron
 
 (1963) 59 Cal.2d 798, 804 [31 Cal.Rptr. 302, 382 P.2d 342, 6 A.L.R.3d 555].)
 

 The Residence of the Minor and of Defendant’s Former Wife Is Adequately Alleged
 

 It is unnecessary to decide whether residence of the minor and of the minor’s mother in Los Angeles County was a requisite for jurisdiction of the Los Angeles Superior Court. The allegations of the complaint “[t]hat said minor child is living with and [is] being cared for by Eileen Marie Ferguson, (mother), of 1283 Studebaker Road, Long Beach, California 90815” are, in any event, sufficient allegations of such residence to survive a general demurrer. The order dismissing the action cannot therefore be sustained because of deficiency in this respect, and we must consider the other alleged deficiencies of the complaint.
 

 The Complaint Fails to Allege Facts Showing Plaintiff’s Standing to Enforce Defendant’s Support Obligation
 

 Though the complaint alleges that the action is brought “on behalf of the minor child named hereinafter, under the provisions of Sections 11350.1 and 11475.1 of the Welfare and Institutions Code,” it fails to allege facts showing plaintiff’s standing to sue under those sections or any other provision of law.
 

 Welfare and Institutions Code sections 11350 and 11350.1, respectively, define and establish the procedure for enforcing the obligation of noncustodial parents to counties providing aid, as follows:
 

 “In any case of separation or desertion of a parent or parents from a child or children
 
 which results in aid under this chapter being granted to such family,
 
 the noncustodial parent or parents shall be obligated to the county for an amount equal to:
 

 “(a) The amount specified in an order - for the support and maintenance of such family issued by a court of competent jurisdiction; or in the absence of such court order,
 

 
 *556
 
 “(b) The amount of aid paid to the family during such period of separation or desertion limited by such parent’s reasonable ability to pay during that period in which aid was granted; and
 

 “(c) Such obligation shall be reduced by any amount actually paid by such parent during such period of separation or desertion for the support and maintenance of such family.
 

 “The district attorney shall take appropriate action pursuant to this section in the superior court of the county which provided aid under this chapter.
 

 “The court may order the defendant to pay the county attorney fees and court costs, based on such defendant’s reasonable ability to pay, in any proceeding brought by the county pursuant to this section.
 

 “In making the determination of the defendant’s reasonable ability to pay attorney’s fees and court costs under this section, the court shall be limited to the following considerations:
 

 “(a) The wealth and income of the defendant;
 

 “(b) The current ability of the defendant to earn;
 

 “(c) The age of the defendant.” (Italics added.) (§ 11350.)
 

 “Notwithstanding the provisions of any other statute, in any action brought by the district attorney for the support of a minor child or children, the action may be prosecuted in the name of the county on behalf of such minor child or children. The mother shall not be a necessary party in such action but may be subpoenaed as a witness. In an action under this section there shall be no joinder of actions, or coordination of actions, or cross-complaints, and the issues shall be limited strictly to the question of paternity, if applicable, and child support. Nor shall such support or paternity action be delayed or stayed because of the pendency of any other action between the parties. Nothing herein contained shall be construed to prevent the parties from bringing an independent action under the Family Law Act or otherwise, and litigating the issue of support. In such event, the court in such proceedings shall make an independent determination on the issue of support which shall supersede the order made pursuant to this section.” (§ 11350.1.)
 

 
 *557
 
 The above sections, which are part of a single statute (Stats. 1975, ch. 924) must be read and construed together.
 
 (People
 
 v.
 
 Jackson
 
 (1866) 30 Cal. 427, 430;
 
 People
 
 v.
 
 McGuire
 
 (1978) 80 Cal.App.3d Supp. 1, 4 [145 Cal.Rptr. 514].) So read, they only authorize the county to take action to enforce the support obligation of noncustodial parents of children being provided aid by the county.
 

 The provisions of Welfare and Institutions Code section 11475.1 similarly condition the county’s standing to act. It states: “Each county shall maintain a single organizational unit located in the office of the district attorney which shall have responsibility for promptly and effectively enforcing the obligation of parents to support their children and determining paternity in the case of a child born out of wedlock. The district attorney shall take appropriate action, both civil and criminal, to enforce this obligation
 
 when the child is receiving public assistance
 
 and when requested to do so by the individual on whose behalf the enforcement efforts Will be made when the child is not receiving public assistance. . . .” (Italics added.)
 

 The only other provision authorizing the county to act is Welfare and Institutions Code section 11484, which empowers the district attorney to apply to the court in which Family Law Act proceedings are pending for an increase in support when “aid has been applied for or granted to a child of parents who are divorced or legally separated, or who are engaged in a divorce or separate maintenance action which is pending. . . .”
 

 All three of these statutes limit the county’s standing to sue on behalf of a minor child to a situation in which the child is the recipient of aid, except where the district attorney is requested to enforce the support obligation “by the individual on whose behalf the enforcement efforts will be made when the child is not receiving public assistance.” (§ 11475.1.)
 

 Plaintiff probably is providing public assistance to the minor child. This is indicated not only by its conclusory allegations that the action is brought pursuant to Welfare and Institutions Code sections 11350.1 and 11475.1 but also by the prayer which asks that the support order require defendant to make payments through the court trustee.
 

 Material facts may not, however, be so left to inference. “A pleading is argumentative where the affirmative existence of an ultimate fact is left to
 
 *558
 
 inference or argument. The rule is as much in force under the code as it was at common law that such pleading is not permissible. A statement from which a necessary fact may be inferred is not an averment of that fact. Matters of substance must be alleged in direct terms and unequivocal language. A material fact, one that is essential to a cause of action, cannot be left to inference. It must be presented by distinct averment. [Fns. omitted.]” (39 Cal.Jur.2d (1957) Pleading, § 52, p. 78.)
 

 We, therefore, hold that the complaint inadequately pleads plaintiff’s standing to sue in behalf of the minor and that the judgment on the pleadings was properly granted on this ground.
 

 Plaintiff’s Maintenance of the Instant Action Is Precluded by the Existing Support Order Under the Family Law Act
 

 Prior to the time that plaintiff filed its complaint to enforce defendant’s support obligation, a judgment of the Superior Court for the County of Orange, pursuant to the Family Law Act, had been entered determining defendant’s liability to support the minor child and fixing the amount of such support at $50 per month. The provisions of the Welfare and Institutions Code empowering plaintiff to enforce the obligation of parents to support their children make it clear that under such circumstances the only way to establish another or different support obligation is by order to show cause in the Family Law Act proceedings. This conclusion is inescapable when all of the several enactments dealing with the matter are considered together, as they should be. “[A] specific provision should be construed with reference to the entire statutory scheme of which it is a part, in such a way that the various elements of the overall scheme are harmonized.”
 
 (Bowland
 
 v.
 
 Municipal Court
 
 (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081].)
 

 Four sections of the Welfare and Institutions Code are required to be construed together in this respect. They are sections 11350, 11350.1, 11475.1 and 11484. Sections 11350 and 11350.1 specifically authorize and state the circumstances under which counties may maintain independent actions to enforce support obligations in the absence of any Family Law Act order governing such obligations. Thus, section 11350 states the obligation of parents, which is the subject of enforcement pursuant to said section and section 11350.1, as follows:
 

 
 *559
 

 “(a) The amount specified in an order for the support and maintenance of such family issued by a court of competent jurisdiction;
 
 or
 
 in the absence of such court order.
 

 ”(b) The amount of aid paid to the family during such period of separation or desertion limited by such parent’s reasonable ability to pay during that period in which aid was granted; and
 

 “(c) Such obligation shall be reduced by any amount actually paid by such parent during such period of separation or desertion for the support and maintenance of such family.” (Italics added.)
 

 Where there is a Family Law Act court order, section 11350.1 also clearly recognizes that it is determinative. Consistent with this disposition of the matter, that section provides: “Nothing herein contained shall be construed to prevent the parties from bringing an independent action under the Family Law Act or otherwise, and litigating the issue of support.
 
 In such event, the court in such proceedings shall make an independent determination on the issue of support which shall supersede the order made pursuant to this section. ”
 
 (Italics added.)
 

 Plaintiff’s argument that the last sentence of section 11350.1 only renders the Family Law Act order paramount when it is later in date than the order pursuant to said section is specious. Contrary to plaintiff’s argument that the word “supersede” necessarily implies that the superseding order be later in date, it merely means that the superseding order is controlling. Webster’s Dictionary (2d ed. 1935, unabridged), page 2533, defines “supersede” to mean “to sit above, be superior to,” “[t]o make void or useless, especially] by superior power; to make unnecessary or superfluous; . . .” Sections 11350 and 11350.1 thus clearly provide that if there is a Family Law Act order, an independent order under those sections is superfluous.
 

 The reason proceedings pursuant to section 11350.1 are superfluous where there is a pending Family Law Act proceeding is made clear by section 11484, which provides:
 

 “If aid has been applied for or granted to a child of parents who are divorced or legally separated, or who are engaged in a divorce or separate maintenance action which is pending, the district attorney may apply to the superior court in such action for an order directing either parent or both to show cause:
 

 
 *560
 
 “(1) Why an order of support for the child should not be entered, or
 

 “(2) Why the amount of support previously ordered should not be increased, or
 

 “(3) Why the parent should not be held in contempt for his failure to comply with any order of support previously entered.”
 

 This section makes it clear that the proceedings authorized to enforce the obligation to provide reasonable support to a child for whom aid has been applied for or granted, where there is an order for support in Family Law Act proceedings, is by order to show cause in such proceedings. The purpose of confining such inquiry to such proceedings is patent. Were they not so confined, conflicting determinations could be made by superior courts in different counties where the noncustodial parent and the child reside in separate counties and judicial effort would be wasted by duplicating the investigation necessary to become and remain familiar with the changing circumstances of the parties.
 

 Section 11475.1 is also part of the same statutory scheme. Though not incorporated in the same chapter, it was enacted the same day as sections 11350 and 11350.1. It generally charges the organizational unit in the office of the district attorney with responsibility to enforce the obligations of parents to support their children. No intent to abrogate the procedural limitations above discussed is evident. In fact, no procedure whatever is specified except “appropriate action, both civil and criminal, to enforce this obligation when the child is receiving public assistance. . . .” (§ 11475.1.)
 

 The appropriate action, in a case where there is a Family Law Act order for the support of the child, is an application for an order to show cause pursuant to section 11484.
 

 Plaintiff’s concern that the district attorney would thereby become involved in representing the mother in all manner of counterapplications by the noncustodial parent (for change in custody, visitation, or spousal support) is unfounded. The proceeding brought pursuant to section 11484 would be a proceeding in behalf of the child and would not make the district attorney the mother’s private attorney for any matters other than the noncustodial parent’s support obligation.
 

 
 *561
 
 For the foregoing reasons, we conclude that plaintiff lacks standing to initiate a new proceeding in Los Angeles County, and the trial court’s order dismissing the action was proper on this basis.
 

 The judgment is affirmed.
 

 Cobey, Acting P. J., and Allport, J., concurred.
 

 [1]
 

 The existence of the Orange County child support order set forth in the answer is conceded in the county’s opening brief.