[Civ. No. 23744. Third Dist. June 20, 1986.]

COUNTY OF EL DORADO et al., Plaintiffs and Appellants, v. ESTELLE LOUISE SPENCE, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, Attorney General, and James T. McNally and Carla J. Caruso, Deputy Attorneys General, for Plaintiffs and Appellants.

Blatt & LaMar and Robert Blatt, Jr., for Defendant and Respondent.

OPINION

REGAN, Acting P. J.—Plaintiff County of El Dorado (County) appeals from a judgment dismissing its action against defendant Estelle Louise Spence. County's action sought reimbursement for public assistance paid to defendant and an order for continuing child support from defendant. Defendant's demurrer was sustained without leave to amend.

On appeal from the ensuing judgment of dismissal, County contends the trial court erred in dismissing the action. It urges a county is entitled to seek reimbursement from a noncustodial mother for amounts paid in aid to families with dependent children (AFDC) despite an outstanding support award against the father in a different county. Further, County contends the

existing support order against the father under the Family Law Act does not bar a subsequent child support order against the mother. We agree with both contentions and reverse the judgment.

FACTS

■ For purposes of the instant appeal, defendant's demurrer admits the truthfulness of the properly pleaded factual allegations of the complaint. (*White* v. *Davis* (1975) 13 Cal.3d 757, 765 [120 Cal.Rptr. 94, 533 P.2d 222].) In addition, the trial court was permitted to consider any matters of which the court was required to or could take judicial notice. (Code Civ. Proc., § 430.30, subd. (a).) Accordingly, the record discloses the following facts:

Defendant and her husband Thomas L. Hayne, the father of plaintiff William Thomas Hayne (the minor), received an interlocutory judgment of dissolution from the San Mateo County Superior Court in 1972. Pursuant to that dissolution, defendant was awarded physical custody of the couple's two minor children and the father was ordered to pay $100 per month child support for each child.

From April to September 1980 and June 1982 to June 1983, County paid the sum of $4,523 in public assistance for the support of the minor. At the time of the complaint, County was continuing to pay $248 per month in public assistance to support the minor, who was living separate and apart from defendant. At all times, defendant had the financial ability to pay a reasonable amount for the support of the minor. Based on these facts, County sought reimbursement from defendant for all amounts paid to support the child, and further sought a continuing support award of $248 per month, which defendant would be obligated to pay the minor through County.

DISCUSSION

■ "The rule is, of course, that 'a general demurrer should not be sustained if the pleading, liberally construed, states a cause of action on any theory.' [Citation.]" (*Brousseau* v. *Jarrett* (1977) 73 Cal.App.3d 864, 870-871 [141 Cal.Rptr. 200].) ■ ■ County's complaint, while framed as a single cause of action, sought two distinct forms of relief: reimbursement for aid already paid, and an order for ongoing support from defendant. Defendant demurred to the entire complaint on the ground the relief sought was precluded by the existing Family Law Act judgment giving defendant custody of the minor and ordering the father to pay support. In support of the demurrer, defendant cited *County of Los Angeles* v. *Ferguson* (1979) 94 Cal.App.3d 549 [156 Cal.Rptr. 565], and appended a certified copy of the judgment of dissolution from San Mateo County. The trial court

apparently found the argument persuasive, as it ruled that the family law court in San Mateo had original and continuing jurisdiction over the issue of support. The trial court reasoned that an independent proceeding in El Dorado County could only introduce confusion and engender conflicting orders. It therefore found County's remedy was to intervene in the San Mateo County proceedings and it sustained the demurrer without leave to amend. However, as we discuss *infra,* the trial court improperly relied on dicta in *Ferguson* to bar County from seeking reimbursement and a new support order. *Ferguson* does not control this case. Consequently, since the County's complaint stated a cause of action for reimbursement and support, the demurrer should have been overruled.

In *County of Los Angeles* v. *Ferguson, supra,* 94 Cal.App.3d 549, the county brought a civil action against a father pursuant to Welfare and Institutions Code section 11350.1 to collect ongoing child support.[1] The Court of Appeal upheld a judgment on the pleadings where the county's pleading was plainly defective. However, the Second District Court went further and held a county could not enter a support award against a father under the Welfare and Institutions Code where there was a preexisting support award from a different county against the same father based on the Family Law Act. In so holding, the *Ferguson* court construed the provisions of the Welfare and Institutions Code which permit a court to enter and enforce a support award against a noncustodial parent. (§§ 11350, 11350.1.)[2]

---

[1]Unless otherwise indicated, all statutory references are to the Welfare and Institutions Code.

[2]Section 11350 provides: "In any case of separation or desertion of a parent or parents from a child or children which results in aid under this chapter being granted to such family, the noncustodial parent or parents shall be obligated to the county for an amount equal to: [¶] (a) The amount specified in an order for the support and maintenance of such family issued by a court of competent jurisdiction; or in the absence of such court order, [¶] (b) The amount of aid paid to the family during such period of separation or desertion limited by such parent's reasonable ability to pay during that period in which aid was granted; and [¶] (c) Such obligation shall be reduced by any amount actually paid by such parent during such period of separation or desertion for the support and maintenance of such family. [¶] The district attorney shall take appropriate action pursuant to this section in the superior court of the county which provided aid under this chapter. [¶] The court may order the defendant to pay the county attorney fees and court costs, based on such defendant's reasonable ability to pay, in any proceeding brought by the county pursuant to this section. [¶] In making the determination of the defendant's reasonable ability to pay attorney's fees and court costs under this section, the court shall be limited to the following considerations: [¶] (a) The wealth and income of the defendant; [¶] (b) The current ability of the defendant to earn; [¶] (c) The age of the defendant." (Stats. 1975, ch. 924, § 5, p. 2032, eff. Sept. 20, 1975.)

At the time this action was decided, section 11350.1 provided: "[¶] Notwithstanding the provisions of any other statute, in any action brought by the district attorney for the support of a minor child or children, the action may be prosecuted in the name of the county on behalf of such minor child or children. The mother shall not be a necessary party in such

The *Ferguson* court focused on that portion of section 11350.1 which permits the family law court to make "an independent determination on the issue of support which shall *supersede the order made pursuant to this section.*" (Italics added.) Considering this provision in conjunction with section 11484, which allows a county to intervene in pending family law proceedings,[3] the court held that where there is an order for support in a Family Law Act proceeding an independent support order under the Welfare and Institutions Code is superfluous. (*Ferguson, supra,* 94 Cal.App.3d at p. 559.) The *Ferguson* court concluded the appropriate action in such a case is an application for an order to show cause in the family law proceedings. (*Id.,* at p. 560.) Based on this reasoning, the trial court in the instant case relegated the county to seeking relief in the San Mateo County proceedings.

## A. *The Reimbursement Issue*

 In discussing the court's reasoning, we address first the reimbursement issue. In *Ferguson,* the court dealt only with the question of different courts entering independent support orders for the same purpose. In this case, County is seeking to recover welfare funds that have already been distributed. County alleges that it paid public assistance to support the minor at a time when defendant was living separate and apart from the minor. The obligation to reimburse County for such payments arises from section 11350, subdivision (b), which states in part: "In any case of separation . . . of a parent . . . from a child . . . which results in aid under the chapter being granted to such family, the noncustodial parent . . . shall be obligated to the County for an amount equal to: [¶] . . . (b) The amount of aid paid to the family during such period of separation . . . ."

This reimbursement obligation is separate and independent from any support award in Family Law Act proceedings. (Cf. §§ 11350, subd. (a); 11350.1.) It is only an independent determination by a family law court

action but may be subpoenaed as a witness. In an action under this section there shall be no joinder of actions, or coordination of actions, or cross-complaints, and the issues shall be limited strictly to the question of paternity, if applicable, and child support. Nor shall such support or paternity action be delayed or stayed because of the pendency of any other action between the parties. Nothing herein contained shall be construed to prevent the parties from bringing an independent action under the Family Law Act or otherwise, and litigating the issue of support. In such event, the court in such proceedings shall make an independent determination on the issue of support which shall supersede the order made pursuant to this section." (Stats. 1975, ch. 924, § 5.5, p. 2033, eff. Sept. 20, 1975.)

[3]Section 11484 provides: "[¶] If aid has been applied for or granted to a child of parents who are divorced or legally separated, or who are engaged in a divorce or separate maintenance action which is pending, the district attorney may apply to the superior court in such action for an order directing either parent or both to show cause: (1) Why an order of support for the child should not be entered, or (2) Why the amount of support previously ordered should not be increased, or (3) Why the parent should not be held in contempt for his failure to comply with any order of support previously entered." (Stats. 1965, ch. 1784, § 5, p. 4018.)

*"on the issue of support* which shall supersede the order made pursuant to this section." (§ 11350.1, italics added.) (As we discuss *infra,* it is only a *subsequent* independent determination which shall supersede the support order entered under the Welfare and Institutions Code.) The propriety of an independent action for reimbursement is affirmed in *County of Ventura* v. *George* (1983) 149 Cal.App.3d 1012 [197 Cal.Rptr. 245].

*George* is a case strikingly similar on the facts to the case at bar. There the mother and father were divorced in Los Angeles County in 1974. The mother was awarded legal custody of their child and the father ordered to pay $50 per month in child support. Thereafter, the mother received AFDC from the County of Ventura at a time when the minor resided principally with the father. The county sought reimbursement pursuant to sections 11350 and 11350.1 for the AFDC funds retained by the mother during the time her child lived outside her home. Judgment was entered for the county. (*Id.,* at pp. 1013-1014.) The mother appealed, contending her designation as the custodial parent in the divorce decree shielded her from an action pursuant to section 11350 because that section applies only to the *"noncustodial* parents." (*Id.,* at p. 1014.) The court rejected her argument. It reasoned that both the father and the mother have independent obligations to support their minor children.[4] This obligation for actual financial support could not be avoided by the mere technical form of a dissolution decree. (*Id.,* at pp. 1015-1016.)

The *George* court distinguished *Ferguson* on two grounds. It first noted *Ferguson* involved a request for ongoing support while reimbursement was at issue in *George.* Further, *George* noted the *Ferguson* court did not consider the meaning of a "noncustodial" parent as used in section 11350. The *George* court concluded "in the context of this section of the Welfare and Institutions Code a person's status as a custodial parent is directly related to one's *actual possession and physical custody of the dependent child."* (*Id.,* at p. 1018; italics added.) Since the child in *George* was not residing with the mother at the time of the AFDC payments, she was a "noncustodial" parent for purposes of the reimbursement statute, regardless of the terms of the dissolution decree. (*Ibid.*)

It is clear that *George* is on all fours with the present case insofar as County's entitlement to reimbursement is concerned. The question of reimbursement from a noncustodial parent under section 11350, subdivision (b) is separate from the issue of support under section 11350.1. Where reim-

---

[4]Civil Code section 196 provides: "[¶] The father and mother of a child have an equal responsibility to support and educate their child in the manner suitable to the child's circumstances, taking into consideration the respective earnings or earning capacities of the parents."

bursement is concerned, defendant's previously established support obligation is irrelevant. Reimbursement is premised on the parents' statutory duty to support their children, which is independent of any Family Law Act order. (Civ. Code, § 196.) In fact, the family law court would be unable to award County reimbursement in the dissolution proceedings because the interlocutory decree did not order defendant to make child support payments and could not be modified retroactively. (*In re Marriage of Acosta* (1977) 67 Cal.App.3d 899, 902 [137 Cal.Rptr. 33]; *Sanford* v. *Sanford* (1969) 273 Cal.App.2d 535, 537 [78 Cal.Rptr. 144].) Thus, County's only avenue for recovery of aid already dispersed was section 11350, subdivision (b). The only prerequisite to reimbursement under that section is a separation of the parent or parents from a child which results in aid being granted to the family under the code. Such a reimbursement award does not contravene a support order against a noncustodial parent because it involves past payments unrelated to the support order. (*County of Ventura* v. *George, supra,* 149 Cal.App.3d at p. 1017.)

County's complaint in this case alleged public assistance had been paid to support the minor as a result of the separation of defendant from the minor at a time when defendant had a duty to support him. A cause of action was adequately stated for reimbursement of such assistance pursuant to section 11350, subdivision (b). (*George, supra,* 149 Cal.App.3d 1012.) Accordingly, the trial court erred in sustaining defendant's demurrer without leave to amend.

## B. *The Ongoing Support Order Issue*

■ We next turn to County's contention the trial court erred in dismissing the action for continuing child support. County contends *County of Los Angeles* v. *Ferguson, supra,* 94 Cal.App.3d 549, is factually inapposite because it involved an existing support award against the *father,* while in this case the County is seeking an award against the *mother.* While County's point is correct, a more compelling argument is found directly in the language of section 11350.1. That section does not, as *Ferguson* suggests, deprive a county of standing to pursue a support order for a minor merely because there is a previous, outstanding Family Law Act support order.

A portion of section 11350.1 reads: "Nothing herein contained shall be construed to prevent the parties from bringing an independent action under the Family Law Act or otherwise, and litigating the issue of support. In such event, the court in such proceedings shall make an *independent determination* on the issue of support which shall *supersede* the order made pursuant to this section." (Italics added.) As we noted earlier, the *Ferguson* court interpreted the quoted language to mean, where there exists an order

for child support issued by a family law court, that order renders any independent action by the district attorney "superfluous." (*Ferguson, supra,* 94 Cal.App.3d at p. 559.) First, we note that determination was gratuitous and not essential to the determination of that case; the *Ferguson* court held the judgment on the pleadings was proper where the pleadings were plainly defective. (*Id.,* at p. 558.) More importantly, we believe the gratuitous holding was wrong. Consequently, we reject the *Ferguson* court's conclusion concerning the county's lack of standing to initiate a proceeding when there is an existing support order.

Secondly, in spite of the *Ferguson* analysis of the word "supersede" (94 Cal.App.3d at p. 559), the language of section 11350.1 contemplates a Family Law Act support order which *postdates* the order made under the Welfare and Institutions Code. Indeed, the section permits a court to *make* an independent determination which shall supersede the order *made* under section 11350.1. This language implies the family law court makes its order *subsequent* to the one *made* under section 11350.1. Further, it permits the court to make an *independent* determination, clearly implying such determination is made *subsequent* to the one already made under section 11350.1. Consequently, we hold the pertinent language interpreted by *Ferguson* compels the opposite conclusion; namely, it is only a Family Law Act support order made *subsequent* to an order made pursuant to section 11350.1 which supersedes the 11350.1 order. The language of the section does not suggest that the district attorney is precluded from seeking the order for support if there is a prior family law court support order.

The purpose of the language whereby the subsequent independent determination of support supersedes an earlier order made under section 11350.1 is clear. The language prevents conflicting determinations regarding support made by superior courts in different counties. (See *Ferguson, supra,* 94 Cal.App.3d at p. 560.) Nothing in our decision here imperils that policy. A district attorney may bring an action under section 11350.1 for support of a child in that county only when the support is either not forthcoming from a noncustodial parent under a previous support order or not otherwise provided for.[5] In such cases, any support established thereby will undoubt-

---

[5]The *Ferguson* court concluded the appropriate means for a county to pursue child support where there is an existing Family Law Act support order is by order to show cause in the family law proceedings. (94 Cal.App.3d at p. 560.) Such an interpretation virtually eliminates the ability of a county to pursue support in those cases where an existing family law order is from a distant county and the child is placed with a guardian at county expense. The county is already burdened with the cost of supporting the child, and then faces the expense of sending the district attorney to a distant county to intervene in a family law case in which circumstances have long since changed. *Ferguson* relied on section 11484 (see footnote 3, *ante*) for the proposition that any enforcement action for support to a child for whom aid has been granted must be by order to show cause in the family law proceedings. That section antedates the passage of section 11350.1, and does not envision the action by a county for support of a minor child.

edly be the only support for the child. Once such an order is made, the section permits the parties to pursue an independent action in order to litigate the issue of support under the Family Law Act *or otherwise,* which may result in an order which properly supersedes the order made under section 11350.1. In these cases, there is no danger of conflicting support orders from different superior courts.

County's argument in the instant case is also well taken. Defendant is the once custodial, now noncustodial parent. The San Mateo County Superior Court support order did not order defendant (who was to take custody of the minor) to pay child support, but ordered the father to pay such support. Defendant argues the order did in fact order her to support the minor, and thus, she was already the subject of the support order. She relies on our decision in *In re Marriage of Rasmussen* (1984) 155 Cal.App.3d 805 [202 Cal.Rptr. 343], where we held an interlocutory decree of dissolution which awarded custody to the mother and ordered the father to pay child support was an order directed at the mother as well as the father.

In *Rasmussen,* we said: "It was unnecessary for the trial court, at the time of the interlocutory judgment, to enter a specific order that wife pay child support as her obligation to support [the minor] was met by her care for him *while he was in her custody.* Wife's support obligations under the original interlocutory judgment were perfectly clear: she was given custody of the minor children and hence the duty of their care and maintenance. Under California law, both the custodial and the noncustodial parent have 'an equal responsibility to support and educate their child.' . . ." (Italics added; *Rasmussen, supra,* 155 Cal.App.3d at p. 812, citing Civ. Code, § 196.)

*Rasmussen* is inapposite to the instant case. In this case, defendant was living separate and apart from the minor during the pertinent periods. Unlike Rasmussen, this defendant did not meet her obligation to support the minor when the minor was not in her custody. The earlier Family Law Act did not require defendant to pay a cash support award for the minor child in the event she became a noncustodial parent. County is entitled to pursue such a support order under section 11350.1 on behalf of the child. There is obviously no danger of conflicting determinations of support in different superior courts, because in this case *no previous support order* has ever been entered against defendant. Even if there were such an order, our reading of Welfare and Institutions Code section 11350.1 permits County to pursue an action for support on behalf of the child. If the parties are dissatisfied with the order resulting from such an action, they are entitled to litigate the matter independently, and any subsequent order on the issue of support supersedes the order made pursuant to section 11350.1. As County properly

pled a cause of action for both ongoing child support from defendant as well as for reimbursement, it was error for the trial court to sustain defendant's demurrer. The error requires reversal of the judgment dismissing County's properly framed action.

The judgment is reversed.

Evans, J., and Keeley, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.