[No. C014891. Third Dist. Apr. 27, 1993.]

SCOTT CHARLES CRIDER, Petitioner, v.
THE SUPERIOR COURT OF EL DORADO COUNTY, Respondent;
COUNTY OF EL DORADO, Real Party in Interest.

**COUNSEL**

Scott Charles Crider, in pro. per., for Petitioner.

No appearance for Respondent.

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Carol Ann White and Mary A. Roth, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**PUGLIA, P. J.**—Petitioner seeks relief from an order adjudicating him in contempt for his failure to make monthly installment payments under a judgment ordering him to reimburse real party in interest, the County of El Dorado (county), for public assistance benefits provided by the county to petitioner's children. We shall hold that such a judgment is not enforceable by contempt. ██ ██ Accordingly, we shall annul the judgment of contempt.[1]

In October 1987, the District Attorney of El Dorado County filed a civil complaint in the name of the county and on behalf of petitioner's four

---

[1]The petition prays for a writ of habeas corpus. Since petitioner is not in custody, we treat the petition as one for review. (See Code Civ. Proc., § 1067 et seq.; *Miller* v. *Municipal Court*

children to establish petitioner's obligation to pay future child support.[2] The complaint also sought to recoup public assistance paid by the county under the Aid to Families with Dependent Children (AFDC) program for the past support of petitioner's children.

On December 22, 1987, the parties entered into a stipulation establishing petitioner's paternity and the county's provision of public assistance to petitioner's children beginning September 1, 1987. The stipulation provided for entry of judgment against petitioner (1) in the amount of $2,616, the amount of AFDC benefits provided by the county, to be paid in monthly installments of $46 per month, and (2) required petitioner to pay $654 per month as child support, all payments to commence January 1, 1988. Pursuant to the stipulation, the court "ordered, adjudged and decreed that the terms and provisions of the foregoing stipulation are made the judgment of this Court." The stipulated judgment was filed December 31, 1987.

On April 12, 1991, the court, on application of the county, issued an order to show cause for contempt. The supporting declaration alleged petitioner willfully disobeyed "orders for . . . child support." However, the declaration refers solely to petitioner's obligation, pursuant to the December 31, 1987, stipulated judgment, to pay installments of $46 for each of the months of April 1990 through March 1991 to reimburse the county for AFDC payments.

After hearing, the court found petitioner in contempt for failing to comply with the stipulated judgment requiring petitioner to make payments of $46 per month for the 12 months at issue. On June 18, 1992, the court imposed 12 consecutive 5-day sentences for each of the 12 months cited in the order to show cause in which petitioner had failed to make reimbursement payments to the county under the stipulated judgment. Petitioner was ordered to surrender to custody on December 21, 1992.

Petitioner filed the instant petition on December 17, 1992. On the following day, we stayed execution of the contempt order pending receipt of opposition. Following receipt of opposition, we issued an order to show cause on January 28, 1992, and ordered the county to file a written return by February 17, 1992. We have received the return and petitioner's replication.

---

(1967) 249 Cal.App.2d 53 [57 Cal.Rptr. 578]1; 8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, §§ 215-216, pp. 840-843.)

[2]The summons was issued October 2, 1987, but not returned filed until January 16, 1991. Petitioner takes issue with the county's failure to return the summons within three years and sixty days, as required by Code of Civil Procedure section 583.210, subdivision (b). However, petitioner made a general appearance, rendering the time limit inapplicable. (Code Civ. Proc., §§ 583.110, subd. (f), and 583.220; *Wong* v. *Armstrong World Industries, Inc.* (1991) 232 Cal.App.3d 1032, 1034 [283 Cal.Rptr. 870].)

Under the California Constitution, "[a] person may not be imprisoned in a civil action for debt . . . ." (Cal. Const., art. I, § 10.) Petitioner contends the order to reimburse the county for AFDC payments made to his children is a money judgment in a civil action for debt, which may not constitutionally be enforced by contempt. The county responds that the order is one for "child support," which may be enforced by contempt. We believe petitioner has the better argument.

The county filed the complaint under the authority of Welfare and Institutions Code sections 11350, 11350.1 and 11475.1.[3] (Further statutory references to sections of an undesignated code are to the Welfare and Institutions Code.) At the time the complaint was filed section 11350 provided: "In any case of separation or desertion of a parent or parents from a child or children which results in aid under this chapter being granted to such family, the noncustodial parent or parents shall be obligated to the county for an amount equal to: [¶] (a) The amount specified in an order for the support and maintenance of such family issued by a court of competent jurisdiction; or in the absence of such court order, [¶] (b) *The amount of aid paid to the family during such period of separation or desertion limited by such parent's reasonable ability to pay during that period in which aid was granted*; and [¶] (c) Such obligation shall be reduced by any amount actually paid by such parent during such period of separation or desertion for the support and maintenance of such family. [¶] The district attorney shall take appropriate action pursuant to this section in the superior court of the county which provided aid under this chapter. [¶] The court may order the defendant to pay the county attorney fees and court costs, based on such defendant's reasonable ability to pay, in any proceeding brought by the county pursuant to this section. [¶] In making the determination of the defendant's reasonable ability to pay attorney's fees and court costs under this section, the court shall be limited to the following considerations: [¶] (a) The wealth and income of the defendant; [¶] (b) The current ability of the defendant to earn; [¶] (c) The age of the defendant."[4] (Stats. 1975, ch. 924, § 5, italics added.)

Section 11350 does not specify the procedures available to a district attorney to enforce a judgment against the noncustodial parent for reimbursement of AFDC benefits paid his family. The county advances several arguments in support of enforcement by contempt. Because each argument is premised on the faulty assumption that such a reimbursement order is a "child support order," we find none of the arguments persuasive.

---

[3]In general, sections 11350.1 and 11475.1 authorize the district attorney to prosecute actions (1) for child support in the name of the county on behalf of the child or children or custodial parent, (2) to establish paternity, and (3) to recover arrearages in support payments.

[4]The Legislature amended section 11350 in 1991 to impose a subdivision structure and to indicate a new method of determining the amount of the noncustodial parent's obligation to the county, which relies on child support guidelines. (Stats. 1991, ch. 110, § 20.)

The county first asserts that all proceedings maintained by the district attorney invoked the court's authority under the Family Law Act (Civ. Code, § 4000 et seq.) to "render any judgment and make such orders as are appropriate concerning the status of the marriage [and] the custody and support of minor children" (Civ. Code, § 4351), and specifically under the authority of Civil Code section 4380, which provides: "Any judgment, order, or decree of the court made or entered pursuant to *this part* may be enforced by the court by execution, the appointment of a receiver, *contempt,* or by such other order or orders as the court in its discretion may from time to time deem necessary." (Italics added.) However, county's action to recoup AFDC benefits from petitioner was not a proceeding under "this part" (the Family Law Act), but rather under the Family Economic Security Act of 1982, chapter 2 of part 3 of division 9 of the Welfare and Institutions Code, pertaining to AFDC. (Welf. & Inst. Code, § 11200 et seq.)

It is true that Civil Code section 4385 provides that "[a] judgment, order, or decree *for child . . . support* made, entered, or enforceable in this state is enforceable under this chapter [which includes Civil Code section 4380] whether or not the judgment, order, or decree was made or entered pursuant to this part." (Italics added.) But, the portion of the underlying order at issue is not an order for child support. Rather, it is an order compelling petitioner to reimburse the county in monthly installments for AFDC benefits the county had provided petitioner's children.

Nor does Code of Civil Procedure section 1209.5 assist county. That section provides: "When a court of competent jurisdiction makes an order compelling a parent *to furnish support* or necessary food, clothing, shelter, medical attendance, or other remedial care *for his child,* proof that such order was made, filed, and served on the parent or proof that the parent was present in court at the time the order was pronounced and proof of noncompliance therewith shall be prima facie evidence of a contempt of court." (Italics added.)

Again the judgment for reimbursement does not come within Code of Civil Procedure section 1209.5, because it it does not compel petitioner to furnish support or necessary food, clothing, shelter, medical care or other remedial care for his children.

An AFDC reimbursement order under section 11350 is not an order for child support. Although reimbursement under section 11350 is premised on the noncustodial parent's statutory duty to support his children (Civ. Code, § 196; *County of El Dorado* v. *Spence* (1986) 182 Cal.App.3d 698, 705 [227 Cal.Rptr. 365]), the funds reimbursed under section 11350 are not used to

support the noncustodial parent's children, but rather to alleviate the burden on taxpayers and ensure that, as the numbers of needy children rise, benefits to them will not be reduced. (*City and County of San Francisco* v. *Thompson* (1985) 172 Cal.App.3d 652, 657-659 [218 Cal.Rptr. 445].) In this respect, a judgment against a parent for reimbursement of AFDC benefits under section 11350 is similar to a judgment against a developer for unpaid development fees or against a taxpayer for back taxes. ■ It goes without saying that such money judgments in civil actions for debt cannot be enforced by contempt. (See, e.g., *People* v. *Neal C. Oester, Inc.* (1957) 154 Cal.App.2d Supp. 888, 890-891 [316 P.2d 784]; see generally 7 Witkin, Summary of Cal. Law (9th ed. 1988) Constitutional Law, §§ 411, 413, pp. 592, 594-595.)[5]

■ While agreeing a debtor may not be imprisoned for failure to pay his debts, the county nevertheless asserts that "case law is clear that a judgment for or order to pay child support is not a 'debt' within the constitutional prohibition and is not within that restriction. Child support is a 'law imposed' right of the child which may not be contracted away by its parents." In proceeding on the premise that an order under section 11350 is necessarily an order for "child support," county assumes the very question at issue here, i.e., whether the section 11350 order at issue here is a money judgment in a civil action for debt, which may not be enforced by imprisonment (Cal. Const., art. I, § 10), or rather is in the nature of a child support order, which under the case law may be enforced by imprisonment.

The common law rule in this state that family support orders may be enforced by contempt stretches back to *Ex Parte Perkins* (1861) 18 Cal. 60. There, the California Supreme Court denied a habeas corpus petition brought by a husband imprisoned for his contemptuous refusal to make alimony payments. Relying on *Lyon* v. *Lyon* (1851) 21 Conn. 185, the court explained

---

[5]Under the Uniform Civil Liability for Support Act (Civ. Code § 241 et seq.), a county furnishing support "has the same right as the obligee [i.e., the custodial parent] to whom the support was furnished, for the purpose of securing reimbursement and of obtaining continuing support." (Civ. Code, §§ 241, subd. (c), and 248.) In arguing that a section 11350 reimbursement order should be enforceable by contempt, the county does not rely on this statute. In any event, there is no evidence of a preexisting order for child support. The right to child support was not established until judgment was rendered in the combined action to establish paternity and for support. Hence, the custodial parent, the children's mother, had no right to reimbursement of child support prior to the December 31, 1987, judgment establishing petitioner's child support obligation. (*Amie* v. *Superior Court* (1979) 99 Cal.App.3d 421, 425 [160 Cal.Rptr. 271] [mother had no right to reimbursement of money paid in support of child prior to court order directing father to pay support].) We express no opinion as to whether the result would be different in this case if petitioner had been subject to a court order for child support at the time the county paid AFDC for the benefit of petitioner's children, and the county had received judgment against petitioner for recovery of arrearages in the amount specified in the support order. (See § 11350, subd. (a).)

that alimony is not a debt because it is not an obligation to pay a specific sum of money; it is rather an ongoing duty owed to the wife which may be enforced by the courts. (18 Cal. at pp. 63-64.)

The *Perkins* decision was followed in *Miller* v. *Superior Court* (1937) 9 Cal.2d 733, 736-737 [72 P.2d 868], where the Supreme Court explained that alimony orders are not in the nature of money judgments or property settlement agreements and may therefore be enforced by contempt because (1) unlike a money judgment, which is for a sum certain and does not order the defendant to pay anything, an alimony award is a direct command that defendant pay the sums mentioned, (2) an alimony award is subject to modification by the court to meet changed circumstances, and (3) the right to alimony terminates upon the death of the person ordered to pay. The court repeated this analysis in *Bradley* v. *Superior Court* (1957) 48 Cal.2d 509, 522 [310 P.2d 634], explaining that an alimony award is "marital and imposed by law," i.e., it is based on a statutory obligation of marital support, may be modified by the court, and terminates upon the death of either party. (See also, *Tilghman* v. *Superior Court* (1974) 40 Cal.App.3d 599, 610-612 [115 Cal.Rptr. 195]; *In re Hendricks* (1970) 5 Cal.App.3d 793, 796 [85 Cal.Rptr. 220].)

Other decisions have applied the Supreme Court's analysis to child support orders. In *Lyons* v. *Municipal Court* (1977) 75 Cal.App.3d 829 [142 Cal.Rptr. 449], the petitioner challenged an order revoking his probation, following his guilty plea to violating Penal Code section 270 (failure to provide for a minor child). The petitioner contended the order violated his constitutional right to be free from imprisonment for debt. (75 Cal.App.3d at pp. 834-835.) The appellate court rejected the argument, both because prosecution under Penal Code section 270 is not a civil action for debt, and because "[t]he law is well settled that orders for spousal support and child support may be enforced by contempt proceedings, and that a jail sentence imposed pursuant to such proceedings does not constitute imprisonment for debt," citing *Bradley, Miller* and *Hendricks*. (75 Cal.App.3d at p. 840; see also *Bailey* v. *Superior Court* (1932) 215 Cal. 548, 555 [11 P.2d 865].)

The common law analysis of family support orders does not fit a judgment under section 11350 for reimbursement of AFDC payments made when there was no subsisting order for support. Unlike a family support order, the stipulated judgment orders reimbursement in a sum certain, $2,616. The coincidence that the stipulated judgment calls for reimbursement payments in monthly installments does not alter the fact that the judgment is for a fixed amount. Moreover, the judgment does not create an indefinite commitment, as does an order for spousal or child support. Furthermore, the money

judgment for reimbursement, like any other judgment, is subject neither to modification for changed circumstances nor is it terminable upon petitioner's death. (See generally 8 Witkin, Cal. Procedure (3d ed. 1985) Enforcement of Judgment, §§ 30-33, 36, pp. 50-55.) Most significantly, the section 11350 reimbursement order here enforces a duty to repay a statutorily created debt, not a duty owed to the spouse or child. Because the judgment for reimbursement under section 11350 is a money judgment in a civil action for debt rather than a child support order, we hold it may not be enforced by contempt.

The judgment of contempt is annulled. The stay previously imposed will remain in effect pending finality of this decision.

Blease, J., and Sparks, J., concurred.

A petition for a rehearing was denied May 19, 1993, and the petition of real party in interest for review by the Supreme Court was denied August 26, 1993.