[No. F038692. Fifth Dist. Oct. 25, 2002.]

ELIZABETH A. CODONI, Plaintiff and Respondent, v.
ROBERT R. CODONI, Defendant and Respondent;
COUNTY OF STANISLAUS, Appellant.

[redacted]

**COUNSEL**

Bill Lockyer, Attorney General, Charlton G. Holland III, Assistant Attorney General, Frank S. Furtek and M. J. Hamilton, Deputy Attorneys General, for Appellant.

No appearance for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

**OPINION**

**VARTABEDIAN, Acting P. J.**—This is an appeal from the dismissal of an order to show cause for contempt concerning child support enforcement. We agree with the trial court that the Stanislaus County District Attorney has not demonstrated standing to pursue this proceeding. As a result, we affirm the order of dismissal.

## Facts and Procedural History

Appellant County of Stanislaus obtained an order to show cause against respondent Robert R. Codoni[1] seeking to enforce respondent's child support obligation under an Idaho divorce decree. The 1987 decree dissolved the marriage between respondent and Elizabeth A. Codoni and ordered respondent to pay support for three minor children of the marriage.

In 1995, the Idaho divorce decree was registered with the Clerk of the Superior Court of Stanislaus County pursuant to former Welfare and Institutions Code section 11475.1. (See Fam. Code, § 4951 [permitting such registration].) The request for registration is not signed by Elizabeth Codoni, but by Tamara Cleveland, support officer. There is no indication whether Cleveland was an employee of the Idaho Bureau of Child Support Services, appellant's family support division, or some other agency. The request for registration alleges respondent owed $28,925 in unpaid support.

The affidavit in support of the order to show cause for contempt, dated October 4, 1999, alleges arrearages of $10,500 on respondent's support obligation. The affidavit is signed by one Lynette Liotta, whose capacity, place of employment, or interest in the case is not stated.

After successive appointed counsel declared conflicts of interest and the attorney who finally represented respondent recused the original judge pursuant to Code of Civil Procedure section 170.6, the case came before the court for trial on April 5, 2001. Appellant presented testimony from a family support division account technician to establish the amount of respondent's arrearage.

When appellant rested its case, respondent's counsel moved for nonsuit on the basis, as relevant here, that appellant had failed to prove it had standing in this matter; he contended appellant was required to have an enforcement request from the Idaho welfare department if the family was receiving public assistance or from Elizabeth Codoni if the family was not receiving public assistance. The trial court requested further briefing on the issue and continued the matter.

On June 14, 2001, the court issued an oral decision dismissing the order to show cause. The court concluded appellant's proof failed to establish either of the statutory conditions that would permit the district attorney's office to enforce the Idaho support order, namely, a request for services from Elizabeth Codoni or a request from the Idaho welfare authorities.

---

[1] While Elizabeth A. Codoni and Robert R. Codoni are each a respondent in these proceedings, our reference hereinafter to "respondent" refers to Robert R. Codoni alone.

Appellant filed a timely notice of appeal stating that "County of Stanislaus District Attorney, Family Support Division, attorneys pursuant to Family Code section 17400, appeals" from the order for dismissal.[2]

*Discussion*

In *Ferguson, supra,* 94 Cal.App.3d at page 552, the county brought an action for child support under former Welfare and Institutions Code section 11475.1, the same code section relied upon in the original order to show cause in the present case. After judgment on the pleadings was granted in favor of the defendant, the county appealed. The appellate court held that the county had failed to allege its standing to pursue the action. (*Ferguson, supra,* at pp. 557-558.)

The *Ferguson* court noted that there were three statutory conditions that permitted the county to bring an action for child support. Those were (1) when the child was receiving public assistance, (2) when a party to a divorce proceeding had applied for public assistance on behalf of a child, and (3) when requested to do so " 'by the individual on whose behalf the enforcement efforts will be made when the child is not receiving public assistance.' " (*Ferguson, supra,* 94 Cal.App.3d at p. 557, quoting from former Welf. & Inst. Code, § 11475.1.) The court held that the failure to allege at least one of these grounds for standing constituted a material omission from the complaint and that such omission justified the trial court's grant of judgment on the pleadings. (*Ferguson, supra,* at p. 558.)

Appellant neither cites nor attempts to distinguish *Ferguson.* The fundamental requirement that a pleading allege on its face the right or interest of the plaintiff has not changed in the quarter century since *Ferguson* was decided. (See, e.g., *Pillsbury v. Karmgard* (1994) 22 Cal.App.4th 743, 758 [27 Cal.Rptr.2d 491].)[3]

Nor, despite repeated reorganizations of the child support enforcement laws at the state and national level, has there been a change in the underlying

[2]Respondent has not appeared in this appeal. Appellant has advised the court that Elizabeth Codoni requested it to discontinue enforcement proceedings and that it has done so. Appellant asks that we not dismiss the appeal as moot because it involves an issue of substantial public importance likely to recur frequently. (See *Chantiles v. Lake Forest II Master Homeowners Assn.* (1995) 37 Cal.App.4th 914, 921 [45 Cal.Rptr.2d 1].) We have determined this is an appropriate case in which to decide issues that are moot as between the present parties but have a continuing impact on appellant, a public agency. (*County of Los Angeles v. Ferguson* (1979) 94 Cal.App.3d 549, 554 [156 Cal.Rptr. 565] (*Ferguson*).)

[3]*Ferguson* has been criticized and distinguished on other grounds. (See *In re Marriage of Angoco & San Nicolas* (1994) 27 Cal.App.4th 1527, 1539 and fn. 10 [33 Cal.Rptr.2d 305].)

In its petition for rehearing, appellant attempts to distinguish *Ferguson, supra,* 94 Cal.App.3d 549, on the basis that subsequent to that opinion the Judicial Council promulgated mandatory forms for use in support enforcement proceedings and the applicable form (Judicial Council form 1285.60) does not permit "[a]dditional language . . . because of the dissatisfaction of an individual court or defense counsel with the content of the form." The

bases for a county's standing to bring an enforcement proceeding. In order to comply with federal requirements, a state's child support enforcement agency must provide enforcement services for a child receiving certain forms of public assistance and for "any other child, *if an individual applies for such services with respect to the child.*" (42 U.S.C. § 654(4)(A)(ii), italics added.) The only instance in which such an application for enforcement services is not required is when a child who has been receiving public assistance stops receiving it: in that case, such services shall be provided without "an application or other request to continue services." (42 U.S.C. § 654(25).)

Family Code section 17400, part of California's child support enforcement law, provides that the "local child support agency shall take appropriate action . . . [to] enforce child support . . . orders when the child is receiving public assistance . . . and, *when requested,* shall take the same actions on behalf of a child who is not receiving public assistance . . . ." (Fam. Code, § 17400, subd. (a), italics added.) Similarly, under Family Code section 4921, subdivision (a), "A support enforcement agency of this state, upon request, shall provide services to a petitioner in a proceeding under this chapter."

In the present case, the operative pleading—the affidavit in support of the order to show cause—and the proof failed to show that appellant was authorized by statute to bring the contempt proceeding.

Appellant apparently contends, however, that its standing should be implied from the fact that the Idaho divorce decree was registered in Stanislaus County. This argument has two components: First, registration of the foreign support order implies a statutorily sufficient request for services. Second, in the alternative, registration of the support order, regardless of how the order came to be registered, creates a duty of enforcement of the order in the local agency, without a request for services from anyone. Neither contention is correct.

A. *Implied Request for Services*

Even if inference were permitted to supply a material fact necessary for a cause of action (but see *Ferguson, supra,* 94 Cal.App.3d at pp. 557-558), the inference appellant seeks to draw in the present case is not supported by the statutes or the record.

---

Judicial Council form is a generic form for use in a wide variety of circumstances, as stated on the form: "Family Law - Domestic Violence Prevention - Uniform Parentage - Governmental." The form does not cover all of the necessary allegations for all of its potential uses. Paragraph 8(d), however, provides space for "other material facts." No provision of the form forbids the petitioning entity, not shown in the caption of the document to be a party to the case, to allege the facts that give it standing to seek the contempt order.

Registration of a support order from another state is authorized by Family Code section 4951. It is accomplished by sending certain documents to "the appropriate tribunal" in California. (Fam. Code, § 4951, subd. (a).) "Tribunal," as relevant here, means the superior court. (Fam. Code, § 4902.)

A parent is not required to use the child support enforcement agency to accomplish registration in the first instance or to accomplish enforcement of a registered order. (See Fam. Code, § 4915, subds. (b)(3), (c); id., § 4923.) Accordingly, the mere fact that the support order in question has been registered in a particular county implies nothing whatsoever about the nature of the parent's contact, if any, with the local support enforcement agency. A contention that the parent requested the agency even to register, much less enforce, the order is pure speculation.

On the record before us, any possible inference in this regard is negated by the initial registration request, which was signed not by Elizabeth Codoni but by someone designated as a "support officer," presumably either for the State of Idaho or for the State of California.

B. *Enforcement Without a Request for Services*

It is true, as appellant argues, that the Family Code provides for enforcement of registered foreign support orders "in the same manner and . . . subject to the same procedures as an order issued by a tribunal of this state." (Fam. Code, § 4952, subd. (b).) However, a request for services by an individual is a precondition to appellant's authority to enforce a support order on behalf of that individual for *both* foreign and domestic support orders. (See Fam. Code, §§ 4921, subd. (a) & 17400, subd. (a).) Accordingly, registration of the foreign support order does not provide additional authorization to appellant to enforce the order unless the initial statement in support of registration contains a request for enforcement services. (See Fam. Code, § 17404, subds. (a), (e)(4); see also Cal. Rules of Court, rule 1276 [adopting for use in California federal form OMB 0970-0085 (UIFSA-1, reprinted in 1 West's Cal. Judicial Council Forms (July 2002 ed.)].)[4]

---

[4]While it is somewhat unclear whether the format of federal form UIFSA-1 has been changed since the time the judgment was registered in this case, the current version of the form requires the requesting party to provide all of the information necessary to establish standing under the federal and California support enforcement laws. The party requesting registration is required to state whether the case involves public assistance, whether the party is requesting enforcement, modification, or some other service concerning the foreign judgment, and the contact person and agency (if applicable) requesting the services. Although no such form was offered in evidence in the present case, it appears this document would sufficiently establish the statutory basis for a family support agency's standing to pursue a contempt order.

*Disposition*

The trial court correctly ruled that appellant failed to prove its standing to bring the present contempt proceeding. The order of dismissal is affirmed.

Cornell, J., and Gomes, J., concurred.

A petition for a rehearing was denied November 14, 2002, and the opinion was modified to read as printed above.

---

In the present case, by contrast, the deputy district attorney specifically agreed with the trial court's statement that there was "nothing in the file whatsoever suggesting that the ex Mrs. Codoni was ever on public assistance or made any oral or written assignment" of benefits. Accordingly, we reject appellant's contention in its petition for rehearing that there was substantial evidence in the file before the trial court to establish standing based on Idaho's status as payor of public assistance.