[No. H010855. Sixth Dist. July 6, 1994.]

In re the Marriage of RICHARD B. and MARY B. GOOSMANN.
RICHARD B. GOOSMANN, Appellant, v.
MARY B. GOOSMANN, Respondent.

**COUNSEL**

James T. Bialson and Hugh T. Thomson for Appellant.

Mark Portman for Respondent.

**OPINION**

**PREMO, J.**—Richard B. Goosmann appeals from the trial court's order awarding child support to his ex-wife, Mary B. Goosmann (now Mary Fisher). Richard contends that the trial court erred by awarding, in 1992, child support retroactive to 1990. We conclude that although the issue of child support was raised in 1990, it was not decided. We hold that an original child support order may be retroactive only to the date of the filing of the motion for support or to the date of the order to show cause seeking child support. (Civ. Code, former § 4700, subd. (a), now Fam. Code, §§ 4009, 3651 et seq.) The trial court's order awarding retroactive support

was thus improper, and we reverse the order with respect to the improperly retroactive portion.

## FACTS AND PROCEDURAL BACKGROUND

Richard and Mary were married for four years before they separated. They have two daughters, now nine and twelve years old. The parties entered into a marital settlement agreement in October 1985, and Richard petitioned for dissolution of the marriage on January 10, 1986. Mary filed her response on February 24, 1986, in which she requested an award of child support. Earlier that day Richard had taken Mary's default, but the parties apparently ignored the default and proceeded with the dissolution as a contested matter.

In April 1986, Richard sought an order bifurcating the issue of the validity of the marital settlement agreement. Mary argued that the agreement was invalid because she had signed it under duress. The trial court found the marital settlement agreement valid. The trial court did not confirm the agreement as a judgment, presumably because that relief was not requested. With respect to the issue of child support, the marital settlement agreement provided: "Subject to the power of the court to modify the same, both parents agree to be jointly and equally responsible for the financial support of the minor children . . . ." A judgment of dissolution, status only, was entered on August 18, 1986, with the court reserving jurisdiction over all other issues.

Since the marital settlement agreement had not been confirmed as a judgment, Richard filed an at-issue memorandum in December 1986, to set the issues covered in the agreement for trial. The case was set for a settlement conference in March 1987. The parties allowed the case to go off calendar, however, because they felt they could settle the remaining issues. When they failed to reach settlement, Richard brought a motion in March 1989, to restore the case to the trial calendar.

The parties went through two custody evaluations, one in 1987 and one in 1989. Richard filed objections to the second custody evaluation. The case was set for settlement conference and for trial. In his pretrial position statement, Richard stated under the "child support" heading that his income and expense declaration was attached. Richard requested attorney fees, contending Mary's behavior had prolonged the proceedings. In Mary's position statement she stated that she was bearing more than 50 percent of the child support expenses and that she would expect child support commensurate with guidelines, depending on the outcome of the custody and visitation issue. Mary alleged that she had incurred substantial attorney fees

because of Richard's intransigence. Richard requested a complete resolution of property issues, even if custody and visitation issues could not be immediately resolved. Mary requested that all the remaining issues (including custody and visitation) be tried together, even if a continuance were necessary.

The case came on for trial on January 30, 1990. The trial court resolved the custody and visitation issues, and entered a detailed order. At the end of the hearing, the following colloquy occurred: "THE COURT: . . . In terms of the issue of attorney's fees, what do we want to do with the other issues in this case? [¶] MR. GREENE [for Richard]: I would prefer that the attorney's fees and the child support matter be continued to a mutually convenient date for counsel and the court. I only say that because we had no evidence among other things with regards to that. I would suggest perhaps putting it back on the law and motion calendar. [¶] Ms. SALCICCIA [for Mary]: We may be able to work out a lot of that now. [¶] MR. GREENE: Can we at least get a date? [¶] Ms. SALCICCIA: Yes. I think that makes sense. In the meantime, I agree to exchange some documents, and we may be able to get a lot of that— [¶] THE COURT: Do you want to get it from the calendar clerk? [¶] MR. GREENE: Yes, Your Honor. [¶] THE COURT: Okay."[1]

In its written order resolving custody and visitation issues, the court directed the parties' attorneys "to seek a new court date for the matter of resolving the issues of attorney's fees and child support and any other issues unresolved in the matter of the marriage of Goosmann." This order effectively removed the balance of the trial issues from the trial calendar.

Mary's attorney filed an at-issue memorandum in June 1990, to restore the case to the calendar for a trial of the remaining issues. Nothing appears to have happened as a result of this filing. Mary's attorney substituted out of the case in December 1991, some 18 months later. Richard's attorney substituted out in July 1992, without having pursued the child support and attorney fee issues.

Eventually Mary obtained new counsel, and he filed an order to show cause re child support on January 23, 1992. In this pleading Mary alleged that there had never been an award for child support in the case, and that she needed attorney fees to complete the dissolution. Richard obtained new counsel, and he filed a case management questionnaire in April 1992

---

[1]We take this opportunity to remind appellant that it is his burden to provide a proper record on appeal. The reporter's transcripts of the hearings on January 30, 1990, and August 25, 1992, were not included in the record on appeal. Although we augmented the record to include these transcripts, the briefs are defective for citing nonexistent parts of the record. (See Cal. Rules of Court, rule 15(a).)

requesting that the *entire* case be reset for trial and that Mary's motion be consolidated. The clerk's minutes reflect that the at-issue memorandum filed by Mary's previous attorney in 1990 was considered operative. (These minutes also reflect that a motion to restore to the trial calendar was required to advance the case, but none was ever filed.) In July 1992, Richard's counsel substituted out, and Richard proceeded in propria persona.

Trial was set for August 25, 1992. In her pretrial statement Mary requested child support according to guidelines. In his pretrial statement Richard argued that because of extraordinary circumstances, child support would be inappropriate. Richard also sought attorney fees dating back to the 1986 contest on the validity of the marital settlement agreement, arguing Mary had taken an unreasonable position which caused him to incur substantial fees.

The case came on for trial before the Honorable Nancy Hoffman on August 25, 1992. The court heard evidence on how much time the children spent with each parent, and on the income and expenses of the parents. Mary requested child support retroactive to the previous trial date of January 30, 1990.

The trial court awarded child support payable by Richard to Mary retroactive from January 1, 1990, and awarded current child support of $1,068 per month. Richard's arrearages accumulating before Mary's filing of the order to show cause (on Jan. 23, 1992) amounted to $16,296.47. Richard's motion for reconsideration was unsuccessful. Richard challenges the pre-January 23, 1992, arrearages on appeal.

## CONTENTIONS ON APPEAL

Richard contends: (1) the court's discretion to make child support retroactive is governed by Civil Code former section 4700, subdivision (a); (2) the order to show cause filed on January 23, 1992, was Mary's first request for child support; (3) prior to January 23, 1992, the parties were abiding by the child support provision of the valid marital settlement agreement; and (4) the court's ruling concerning retroactivity is reversible error and arrearages on the child support order should commence as of January 23, 1992.

Mary contends: (1) the order granting child support from January 1990 was consistent with the parties' intentions, stipulations, and the orders of the court; (2) the trial court's grant of child support was based on the relief requested in the response, not on the order to show cause filed in 1992; (3) the delay resulting from counsel's failure to set a new date for the continuation of the trial does not divest the court of authority to set child support

from the initial trial date; (4) the trial court's retroactive support order was not an error of law and was within the sound discretion of the court; and (5) in the alternative, the failure of appellant's counsel to set the trial date, as ordered, precludes any claim of error by appellant.

## DISCUSSION

■ The single issue before this court is the propriety of the trial court's order awarding child support retroactive to January 1990. We conclude the trial court erred in making the retroactive child support award.

When the hearing on child support and attorney fees was held, Civil Code former section 4700, subdivision (a), applied. (Civ. Code, former § 4700 now appears in the Fam. Code at §§ 4009, 3651-3653 et seq.) That section provided, in pertinent part: "*Any order for child support*, as well as any order of modification or revocation of such an order, *may be made retroactive to the date of filing of the notice of motion or order to show cause therefor*, or to any subsequent date, except as may otherwise be prescribed by federal law [citation]." (Stats. 1993, ch. 876, § 5, italics added.) The rationale for this rule with respect to modification or revocation is clear: the spouse receiving support has the right to collect the support, judicially approved by a prior court order, until he or she is put on notice that the supporting spouse is seeking to change the status quo because of a change of circumstances. Family law commentators explain that subjecting retroactivity to federal law means that orders *modifying* child support, as opposed to original orders of support, may be made retroactive only to the date of service of the order to show cause or the notice of motion seeking modification. (Hogoboom & King, Cal. Practice Guide: Family Law 1 (The Rutter Group 1993) ¶ 6:42.16, pp. 6-106, 6-107.)

The procedural posture of the instant case is somewhat peculiar. A trial of all issues was to be had in January 1990, but the trial court only resolved the issues of child custody and visitation. At the close of the hearing, the trial court instructed the attorneys for both parties, if they could not settle the remaining issues, to obtain a date to resolve the remaining issues. The case was then taken off calendar with further dissolution orders still to be made. All present contemplated that the attorneys would set another hearing with dispatch.

Instead, two years passed and both counsel, without doing anything meaningful in the way of setting another hearing, substituted out of the case. At this point, it appears that while Richard was on notice that Mary wanted child support, he had no incentive to force the issue to judgment, because

then he would have had to start paying support sooner. Furthermore, Mary's inaction may have lulled Richard into believing she was abandoning her request for child support. Mary, on the other hand, would have been motivated to force the issue to judgment if she had truly been in need of child support from Richard. The record is not clear on this point, but it appears that the parties were sharing the expenses of supporting the children, roughly equally, per the original provision in the marital settlement agreement, although Richard only had physical custody of the children 28 percent of the time.

The issue of child support was tendered to the court in "position statements" filed in October 1989 in anticipation of the compulsory settlement conference that would precede the trial of all issues. Mary requested child support in her position statement. Position statements, however, are not formal pleadings and are not always filed with the court; they are really tools prepared to aid the settlement judge. In fact, while Santa Clara County Superior Court Local Rule 17, section F, part E, requires preparation of position statements before the mandatory settlement conference, it also provides that they will not be filed with the court as pleadings. A position statement is not the equivalent of a notice of motion or an order to show cause.

It has long been the rule in California that an order for child support only operates prospectively. (Civ. Code, former §§ 208, 4700, subd. (a), now Fam. Code, §§ 3951, 4009, 3651 et seq.) For example, where a mother anticipated that her new husband would support her child, a provision requiring her former husband to pay money into a trust for the child's future benefit was held improper. (*Bierl* v. *McMahon* (1969) 270 Cal.App.2d 97, 99-100, 102 [75 Cal.Rptr. 473].) An award to wife of all the appreciation in value of the community property house over a six-year period to make up for the fact that the father had not voluntarily contributed much child support was also held improper. (*In re Marriage of Koppelman* (1984) 159 Cal.App.3d 627, 633 [205 Cal.Rptr. 629].) Wife could have requested child support pending trial after the couple separated but she elected not to do so. (*Ibid.*) The long-standing rule is that a parent cannot claim reimbursement for money paid out in support of a child prior to an order of the court directing the other parent to pay support to meet the current needs of the child. (*Bierl* v. *McMahon, supra,* 270 Cal.App.2d at p. 105.)

At the time this case was heard, the applicable statute provided, in pertinent part: "Any order for child support . . . may be made retroactive to the date of filing of the . . . order to show cause therefor . . . ." (See Stats. 1993, ch. 876, § 5.) The statute does not authorize the court to award child

support retroactive to an informal request made in papers prepared in anticipation of a settlement conference. The party seeking child support, here Mary, must make a formal request by procedurally correct means, and then the support order may be made retroactive to that proper formal request. Like the wife in *In re Marriage of Koppelman, supra,* 159 Cal.App.3d at page 633, Mary could have requested child support pending the completion of the trial, but she elected not to do so. It would work a serious injustice on Richard to allow retroactive child support without proper notice having been given. (Cf. *In re Marriage of Lippel* (1990) 51 Cal.3d 1160 [276 Cal.Rptr. 290, 801 P.2d 1041].)

### DISPOSITION

Insofar as it awards child support arrearages for the time before the order to show cause re child support was filed on January 23, 1992, the trial court's order filed October 14, 1992, is reversed. Otherwise, the order is affirmed. Costs are awarded to appellant.

Cottle, P. J., and Wunderlich, J., concurred.