TROTT, Circuit Judge:
 

 OVERVIEW
 

 Chapter 7 debtor Dale Visness initiated this adversary action during his bankruptcy proceeding to determine the dischargeability of his debt to Contra Costa County (“County”) for Aid for Families with Dependent Children (“AFDC”) disbursements made to his spouse for the support of their three minor children. The County appeals the district court judgment affirming the bankruptcy court’s determination that Mr. Visness’s debt was dischargeable under 11 U.S.C. § 523(a)(5) and this court’s decision in
 
 In re Ramirez,
 
 795 F.2d 1494 (9th Cir.1986),
 
 cert. denied,
 
 481 U.S. 1003, 107 S.Ct. 1624, 95 L.Ed.2d 198 (1987). The County contends the
 
 Ramirez
 
 opinion is no longer binding precedent because California case law and congressional amendments to 11 U.S.C. § 523(a)(5) undermine that decision. We disagree, and for the reasons set forth below, we confirm the continuing viability of
 
 Ramirez.
 

 BACKGROUND
 

 1.
 
 The Statutory Scheme
 

 Ordinarily a debtor who successfully navigates the bankruptcy process is entitled to a discharge of all pre-petition debt. However, there are certain types of debt that Congress has declared to be nondischargeable. For example, a debt owed “to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child” is not dischargeable under 11 U.S.C. § 523(a)(5). However, if such a debt is assigned to another entity, the debt
 
 is
 
 dischargeable,
 
 unless
 
 the debt is assigned pursuant to 42 U.S.C. § 602(a)(26).
 
 [1]
 

 Section 602(a)(26) requires a state that is participating in the AFDC program to condition eligibility for AFDC aid on an applicant’s assignment to the state of any support rights which have
 
 accrued
 
 at the time such assignment is executed.
 
 [2]
 
 Another federal statute, 42 U.S.C. § 656(a), specifies that the assigned support rights will “constitute an obligation owed to such State by the individual responsible for providing such support.”
 
 *777
 
 The statute then provides that the amount of the obligation shall be 1) “the amount specified in a court order,” or 2) “if there is no court order, an amount determined by the State in accordance with a formula approved by the Secretary.” Additionally, § 656(b) states that “[a] debt which is a child support obligation assigned to a State under section 602(a)(26) ... is not released by a discharge in bankruptcy.”
 

 California implemented the directives contained in § 602(a)(26) by passing Cal.Welf. & Inst.Code § 11477(a), which requires an AFDC applicant to assign to the state all
 
 accrued
 
 support rights. Separately, Cal. Welf. & Inst.Code § 11350 allows a county to sue a noncustodial parent for the amount of AFDC aid paid to the family during a period of separation or desertion.
 

 2.
 
 Facts and Prior Proceedings
 

 During the periods September 1, 1984 to October 31, 1984 and March 1, 1985 to September 30, 1987, Mrs. Bernadette Visness received AFDC public assistance on behalf of her three minor children. As mandated by 42 U.S.C. § 602(a)(26) and Cal.Welf. & Inst. Code § 11477(a), before receiving the AFDC assistance Mrs. Visness was required to assign to the County any accrued rights to support which either she or her children possessed. At the time Mrs. Visness executed the assignment, she had not obtained a judicial decree obligating Mr. Visness to compensate her for the expenses of their children; Mr. and Mrs. Visness had not secured a divorce decree nor had they entered into a settlement agreement.
 

 Pursuant to Cal.Welf. & Inst.Code § 11350, the County subsequently filed suit against Mr. Visness in superior court seeking to establish paternity, to set up future child support payments, and to obtain reimbursement for AFDC payments previously paid to Mrs. Visness. On November 5, 1987, Mr. Visness stipulated to paternity, to child support payments of $332.00 per month, and to reimbursement to the County for past AFDC payments in the amount of $9,463.00.
 

 On July 9, 1992, Mr. Visness filed a voluntary petition for bankruptcy under Chapter 7, and listed the County as creditor. Subsequently, Mr. Visness filed a complaint in the bankruptcy action to determine the dis-chargeability of the reimbursement judgment under 11 U.S.C. § 523(a)(5). The bankruptcy court concluded that this court’s decision in
 
 Ramirez
 
 compelled a determination that Mr. Visness’s debt was dischargeable.
 

 The County appealed to the district court, contending the
 
 Ramirez
 
 decision had been undermined by subsequent congressional amendments to § 523(a)(5). The County also argued that the court in
 
 Ramirez
 
 failed to consider a child’s independent right to parental support. The district court rejected both arguments, and approved of the bankruptcy court’s reliance on
 
 Ramirez.
 

 DISCUSSION
 

 1.
 
 The Ramirez Decision
 

 The facts giving rise to the
 
 Ramirez
 
 controversy are virtually identical to those of the present case. Mr. and Mrs. Ramirez separated but did not obtain a dissolution decree or court order for alimony or child support.
 
 Ramirez,
 
 795 F.2d at 1495. Thereafter, Mrs. Ramirez applied for and received AFDC assistance. She assigned to the County any accrued support rights possessed by herself or her children.
 
 Id.
 
 Subsequently, the County filed an action against Mr. Ramirez pursuant to Cal.Welf. & Inst.Code § 11350, seeking reimbursement of AFDC payments made to Mrs. Ramirez on behalf of the minor children. A default judgment was entered against Mr. Ramirez for past AFDC payments in the sum of $14,750.
 
 Id.
 

 Mr. Ramirez filed a petition for Chapter 7 bankruptcy and was eventually granted a discharge of all dischargeable debts.
 
 Id.
 
 at 1496. Shortly thereafter, Mr. Ramirez filed a complaint in bankruptcy court to determine the dischargeability of the reimbursement judgment. The bankruptcy court determined the debt was dischargeable, and the district court affirmed.
 
 Id.
 
 On appeal, this court examined the applicable statutes and concluded that the debt owed to the County by Mr. Ramirez did not fit within the exception to dischargeability set out in 11 U.S.C. § 523(a)(5).
 

 
 *778
 
 At the time the
 
 Ramirez
 
 court rendered its decision § 523(a)(5) did not permit a debt- or to discharge in bankruptcy any debt
 

 to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such a spouse or child,
 
 in connection with a separation agreement, divorce decree, or property settlement agreement,
 
 but not to the extent that—
 

 (A) such a debt is assigned to another entity, voluntarily, by operation of law, or otherwise
 
 (other than debts assigned pursuant to section I02(a)(26) of the Social Security Act [12 U.S.C. § 602(a)(26) ]);
 

 795 F.2d at 1496 (quoting 11 U.S.C. § 523(a)(5)). From this convoluted provision, we identified at least three salient factors that must be present before an assigned debt will be deemed nondischargeable. First, the debt in question must be an obligation owed to a spouse, former spouse, or child of the debtor.
 
 See id.
 
 at 1497-98. Second, such a debt must have arisen in connection with a separation agreement, divorce decree, or property settlement.
 
 Id.
 
 at 1496. Third, if a debt meeting these two requirements is assigned, in order for it to retain its nondischargeable characteristic it must be assigned pursuant to 42 U.S.C. § 602(a)(26).
 
 Id.
 
 at 1496-98.
 

 Our concern in
 
 Ramirez
 
 focused on whether Mr. Ramirez’s debt, established by the County pursuant to Cal.Welf. & Inst.Code § 11350, had been assigned to the County under § 602(a)(26).
 
 Id.
 
 at 1497-98. We observed that both § 602(a)(26) and the implementing state statute, Cal.Welf. & Inst.Code § 11477(a), provided for the assignment by the AFDC applicant of any rights to support “which
 
 have accrued
 
 at the time the assignment is executed.”
 
 Id.
 
 at 1497. In seeking to determine when, if ever, a support right accrued in favor of Mrs. Ramirez and the children, we looked to the state’s “statutory and common law.”
 
 Id.
 
 Our examination of relevant California law led us to conclude that a support right does not accrue in favor of a custodial parent or a child until there exists a court order establishing the noncustodial parent’s support duty.
 
 Id.
 
 at 1497, 1498 n. 3.
 

 Given the fact that Mr. Ramirez’s support obligation had not been set by court decree at the time Mrs. Ramirez assigned to the County the support rights of her children, we concluded “that Mr. Ramirez’s debt to the County did not arise from Mrs. Ramirez’s assignment of accrued rights because ... Mrs. Ramirez had no accrued rights.”
 
 Id.
 
 at 1497. Accordingly, we held that “[bjecause Mr. Ramirez’s debt to the County arose from the operation of [Cal.Welf. & Inst.Code § 11350] and not from any right assigned by Mrs. Ramirez, the debt falls outside the scope of § 602(a)(26) and is therefore not subject to ... nondischargeability.”
 
 Id.
 
 at 1498.
 

 Judge Ferguson dissented, disagreeing with the majority’s interpretation of California law. Judge Ferguson opined that the minor children’s right to Mr. Ramirez’s parental support had accrued at the time Mrs. Ramirez assigned the support rights to the County.
 
 Id.
 
 at 1500-01 (Ferguson, J., dissenting).
 

 2.
 
 The County’s Contentions
 

 The facts underlying our decision in
 
 Ramirez
 
 are “on all fours” with the events giving rise to the controversy before us. This panel is “bound by decisions of prior panels unless an en banc decision, Supreme Court decision, or subsequent legislation undermines those decisions.”
 
 United States v. Washington,
 
 872 F.2d 874, 880 (9th Cir.1989) (internal quotations omitted). Nevertheless, to the extent the
 
 Ramirez
 
 decision rests on state law, a change in California statutory and common law also would permit this panel to reconsider the issues decided by the
 
 Ramirez
 
 court.
 

 The County advances two arguments that potentially avoid the force of stare decisis: (1) the California court cases defining a child’s independent right to parental support undermine the foundation upon which
 
 Ramirez
 
 rests; and (2) the congressional amendments to 11 U.S.C. § 523(a)(5) in 1984 and 1986 alter the legal framework underpinning the
 
 Ramirez
 
 decision. We reject both contentions.
 

 
 *779
 
 a.
 
 A Child’s Support Right
 

 The County argues that under California law a child possesses a right to parental support that is independent and different from the custodial parent’s derivative right to child support. Furthermore, the County contends that by its very nature a child’s right to support accrues from birth onward. According to this theory, the assigned support rights of the child are quantified in accordance with 42 U.S.C. § 656(a), when a reimbursement judgment is rendered under Cal.Welf. & Inst.Code § 11350. Thus, an action pursuant to section 11350 is merely a means by which the County determines the value of the support right assigned to it.
 

 We considered and rejected this very argument in
 
 Ramirez.
 
 In fact, this issue was the source of disagreement between Judge Ferguson and the majority. After considering relevant California statutes and case law, Judge Ferguson concluded that Mrs. Ramirez had assigned to the County the accrued support rights of her children. 795 F.2d at 1500-01 (Ferguson, J., dissenting).
 

 The majority, however, disagreed with this interpretation of California law. While acknowledging that a parent is obligated to support his or her child, the majority concluded that such a right does not accrue to a child in the custody of a parent, and is therefore not assignable, until a court decree or agreement establishes the noncustodial parent’s support duty.
 
 Id.
 
 at 1497, 1498 n. 3 (citing
 
 In re Marriage of O’Connell,
 
 80 Cal.App.3d 849, 855, 146 Cal.Rptr. 26 (1978);
 
 Amie v. Superior Court,
 
 99 Cal.App.3d 421, 425-26, 160 Cal.Rptr. 271 (1979)).
 

 Both the County and
 
 amicus
 
 contend the California Supreme Court’s discussion of a child’s legal right to support in
 
 In re Marriage of Lippel,
 
 51 Cal.3d 1160, 276 Cal.Rptr. 290, 801 P.2d 1041 (1990), bolsters the County’s argument. The language the County and
 
 amicus
 
 point to, however, consists solely of a quotation from
 
 O’Connell, see Lippel,
 
 276 Cal.Rptr. at 296 n. 4, 801 P.2d at 1047 n. 4, the very case the
 
 Ramirez
 
 majority relied upon,
 
 see
 
 795 F.2d at 1497, 1498 n. 3. Moreover, the
 
 Lippel
 
 court’s decision is not contrary to
 
 Ramirez,
 
 and the
 
 Lippel
 
 court’s discussion of
 
 O’Connell
 
 does not undermine the
 
 Ramirez
 
 court’s reasoning.
 

 In fact, a pair of recent California Court of Appeal decisions confirm the construction of California law relied upon by the
 
 Ramirez
 
 majority. The court in
 
 Crider v. Superior Court,
 
 15 Cal.App.4th 227, 18 Cal.Rptr.2d 757 (1993), refused to characterize a judgment obtained pursuant to Cal.Welf. & Inst. Code § 11350 as an adjudication of a support obligation owed by the noncustodial parent to the custodial parent or child.
 
 Id.
 
 at 231-34, 18 Cal.Rptr .2d 757. The court observed that under California law, without a preexisting court decree establishing the non-custodial parent’s support duty, there is no outstanding right to reimbursement for child support.
 
 Id.
 
 at 232 n. 5, 18 Cal.Rptr.2d 757 (citing
 
 Amie,
 
 99 Cal.App.3d at 425, 160 Cal.Rptr. 271). Accordingly, the court determined that a judgment against a parent for reimbursement of AFDC benefits under section 11350 “enforces a duty to repay a statutorily created debt, not a duty owed to the spouse or child.”
 
 Id.
 
 at 234, 18 Cal.Rptr.2d 757.
 

 Similarly, the court in
 
 In re Marriage of Goosmann,
 
 26 Cal.App.4th 838, 31 Cal.Rptr.2d 613 (1994), vacated a trial court’s order directing a noncustodial parent to make retroactive child support payments. According to the court, “[i]t has long been the rule in California that an order for child support only operates prospectively.”
 
 Id.
 
 at 844, 31 Cal.Rptr.2d 613. The court explained the “long-standing rule is that a parent cannot claim reimbursement for money paid out in support of a child prior to an order of the court directing the other parent to pay support.”
 
 Id.
 

 The County fails to offer any relevant California case or statute that upsets our interpretation of support rights under the “state statutory and common law,” and accordingly we decline to stray from our resolution of this issue in
 
 Ramirez. See
 
 795 F.2d at 1497, 1498 n. 3.
 

 b.
 
 198b and 1986 Amendments to 11 U.S.C. § 523(a)(5)
 

 The
 
 Ramirez
 
 court did not discuss the 1984 amendment to § 523(a)(5); presumably the 1982 version of the statute applied
 
 *780
 
 to Mr. Ramirez’s action in the bankruptcy court. After, the
 
 Ramirez
 
 decision was filed, Congress again amended § 523(a)(5) in 1986. At the time Mr. Visness brought his adversary action to determine the dischargeability of the County’s debt, the statute did not allow an individual debtor to discharge any debt
 

 (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record,
 
 determination made in accordance with State or territorial law by a governmental unit,
 
 or property settlement agreement, but not to the extent that—
 

 (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section [602](a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State)
 

 11 U.S.C. § 523(a)(5). The highlighted text was part of an amendment enacted July 10, 1984, by Pub.L. 98-353 § 454(b)(2), 98 Stat. 375; the italicized text was added October 27, 1986, by Pub.L. 99-554 § 281, 100 Stat. 3116.
 

 The portion of the 1984 amendment concerning assignments, further limits the dis-chargeability of support obligations by excluding any such debt that is assigned to a governmental entity. This amendment, however, does not affect the present case. Here, the assignment by Mrs. Visness to the County was executed in accordance with the authorization provided by § 602(a)(26) and by the operation of Cal.Welf. & Inst.Code § 11477(a), the same statutory scheme that governed Mrs. Ramirez’s assignment. Therefore, in this regard, our analysis in
 
 Ramirez
 
 continues to apply.
 

 The County contends the 1984 and 1986 additions to § 523(a)(5) that extend the reach of that provision to support obligations created in connection with an “order of a court of record, determination made in accordance with State ... law” undermine
 
 Ramirez’s
 
 holding. Specifically, the County contends the
 
 Ramirez
 
 court’s requirement that a non-dischargeable debt be incurred in connection with a separation agreement or divorce decree is no longer applicable.
 
 See
 
 795 F.2d at 1496. According to the County, now that Congress has broadened the scope of nondis-chargeable support obligations to include those arising from any “order of a court of record,” a reimbursement judgment under Cal.Welf.
 
 &
 
 Inst.Code § 11350 also falls within § 523(a)(5).
 
 See In re Morris,
 
 139 B.R. 17, 18 (Bankr.C.D.Cal.1991) (concluding that
 
 Ramirez
 
 is eviscerated by the amendments to § 523(a)(5)).
 
 But see In re Browning,
 
 161 B.R. 841, 842-46 (Bankr.E.D.Cal.1993) (reaching the opposite conclusion).
 

 Congress apparently enacted the 1984 and 1986 amendments in recognition of the numerous procedures, both judicial and administrative, employed by the states when determining parental support obligations.
 
 [3]
 
 We will assume, without deciding, that a judgment rendered in accordance with section 11350 could be an “order of a court” within the meaning of § 532(a)(5). However, as we discussed in
 
 Ramirez,
 
 before an assigned debt is entitled to nondischargeable status, it must meet
 
 all
 
 the § 532(a)(5) requirements. Specifically, an obligation adjudicated pursuant to section 11350 must represent an assignment to the County of rights that have
 
 accrued
 
 to a “spouse, former spouse, or child of the debtor.”
 
 See
 
 11 U.S.C. § 532(a)(5);
 
 Ramirez,
 
 795 F.2d at 1496-98.
 

 At the time Mrs. Visness executed the assignment, neither Mrs. Visness nor the children had taken the steps necessary under California law to establish their right to Mr. Visness’s parental support: they had not initiated a court action seeking to establish Mr.
 
 *781
 
 Visness’s support duty nor had they persuaded Mr. Visness to enter into a settlement agreement acknowledging his support obligation. No right to support had therefore accrued in favor of Mrs. Visness or the children, and thus Mrs. Visness could not, and did not, assign to the County a debt owed to her or her children by Mr. Visness.
 
 See Ramirez,
 
 795 F.2d at 1497, 1498 n. 3 (concluding that under California law neither the custodial parent nor the minor child has a right to support payments absent a court decree or agreement).
 

 Correspondingly, Mr. Visness’s obligation to the County did not derive from a debt to a spouse, former spouse, or child of the debtor.
 
 See
 
 11 U.S.C. § 523(a)(5). Instead, Mr. Visness’s debt to the County arose from the operation of Cal.Welf. & Inst.Code § 11350.
 
 See Ramirez,
 
 795 F.2d at 1498;
 
 see also Crider,
 
 15 Cal.App.4th at 231-32, 234, 18 Cal.Rptr.2d 757 (“[T]he funds reimbursed under section 11350 are not used to support the noncustodial parent’s children, but rather to alleviate the burden on taxpayers.... [T]he section 11350 reimbursement order here enforces a duty to repay a statutorily created debt, not a duty owed to the spouse or child.”). Such a debt is dischargeable.
 
 Ramirez,
 
 795 F.2d at 1499.
 

 In sum,
 
 Ramirez
 
 still applies when the question is the dischargeability of a support obligation assigned pursuant to 42 U.S.C. § 602(a)(26), and our resolution of the controversy in
 
 Ramirez
 
 controls the outcome of this case: Mr. Visness’s debt to the County is dischargeable.
 

 CONCLUSION
 

 Mr. Visness asks us to award attorney’s fees, if appropriate, pursuant to 28 U.S.C. § 2412(d)(1)(B) or Cal.Civ.Proe.Code § 1021.5. Neither statute is applicable, and we therefore deny Mr. Visness’s request.
 

 The judgment of the district court is AFFIRMED.
 

 [1]
 

 . A July 10, 1984 amendment also makes assignments to "the Federal Government or to a State or any political subdivision of such State" non-dischargeable. Pub.L. 98-353 § 454(b), 98 Stat. 375.
 

 [2]
 

 . Section 602(a)(26) states in relevant part that, as a condition of eligibility for aid, each applicant or recipient will be required—
 

 (A) to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed.
 

 [3]
 

 . Legislative history to the 1986 amendment states in relevant part:
 

 This provision will expand the exception to discharge in 11 U.S.C. § 523(a)(5) to embrace support determinations involving various types of processes or procedures (e.g. administrative, expedited judicial) and various forms of determinations (e.g. rules, orders).
 

 H.R.Conf.Rep. No. 958, 99th Cong., 2d Sess. 47-48 (1986),
 
 reprinted in,
 
 1986 U.S.C.C.A.N. 5227, 5248-49.