87 F.3d 1325
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francisco VALENCIA-ENRIQUEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70185.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 14, 1996.*
Decided June 20, 1996.
 
 1
 Before: REINHARDT and HALL, Circuit Judges, and MERHIGE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Francisco Valencia-Enriquez petitions us to review a decision of the Board of Immigration Appeals (BIA) summarily affirming the Immigration Judge's conclusion that Valencia-Enriquez was ineligible for relief from deportation under Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). Because we find Valencia-Enriquez eligible for this relief, we grant his petition, reverse the BIA's decision, and remand so that the IJ may exercise his discretion whether to grant relief under § 212(c).
 
 I.
 
 4
 Valencia-Enriquez last entered the United States in 1979. He applied for amnesty under § 245A of the Immigration Reform and Control Act of 1986, 8 U.S.C. § 1255a, and was granted temporary resident alien status on June 6, 1987. On October 18, 1989, his status was adjusted and he became a lawful permanent resident. On November 17, 1993, Valencia-Enriquez was convicted of conspiracy to possess with intent to distribute 100 to 400 kilograms of marijuana under 21 U.S.C. §§ 841(a)(1), 846. He was sentenced to 63 months imprisonment, to be followed by 60 months of supervised release. On July 5, 1994, the Service issued an Order to Show Cause seeking to deport him as an aggravated felon under 8 U.S.C. § 1251(a)(2)(A)(iii). At his November 9, 1994 hearing before the IJ, Valencia-Enriquez conceded deportability but requested discretionary relief under Section 212(c) of the INA, 8 U.S.C. § 1182. The IJ found him ineligible for § 212(c) relief because Valencia-Enriquez had been a lawful permanent resident for only five years at the time of his hearing, two years short of the seven years of lawful permanent residence required by Castillo-Felix v. INS, 601 F.2d 459, 467 (9th Cir.1979); the IJ ordered his deportation. The BIA summarily dismissed his appeal. This timely petition followed.[1]
 
 II.
 
 5
 An alien facing deportation may request discretionary relief from deportation under § 212(c) of the INA. To be eligible for such relief, the alien must show: (1) that he is "lawfully admitted for permanent residen[ce]"; and (2) that he has "a lawful unrelinquished domicile of seven consecutive years." 8 U.S.C. § 1182(c).[2] Valencia-Enriquez satisfies the first requirement, as he was admitted as a lawful permanent resident on October 18, 1989. He also meets the second. In Ortega de Robles v. INS, 58 F.3d 1355, 1360-61 (9th Cir.1995), we held that "a lawful permanent resident who gained such status under IRCA § 245A by first becoming a 'temporary' resident established 'lawful domicile' for purposes of § 212(c) as of the date of his or her application for amnesty (if a prima facie application was presented at that time)." Under de Robles, Valencia-Enriquez may trace his "lawful unrelinquished domicile" back to June 6, 1987--the date he was granted temporary resident alien status; because that was more than seven years before the November 9, 1994 hearing, Valencia-Enriquez can establish "lawful unrelinquished domicile of seven consecutive years." Valencia-Enriquez is therefore eligible for § 212(c) relief.
 
 III.
 
 6
 In the hope that we might nevertheless reach a contrary result, the Service urges us to reconsider de Robles on the grounds that: (1) it did not, as is required by Chevron, U.S.A. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984), properly defer to the BIA's prior interpretation of the "lawful unrelinquished domicile" requirement;[3] (2) it contradicts Congressional policy and will yield absurd results;[4] (3) it did not consider 8 C.F.R. § 212.3(f)(2), which expressed the Attorney General's intent that seven years of lawful permanent residence be required even of amnesty applicants;[5] and (4) it overruled without authority a prior Ninth Circuit case, Castillo-Felix, 601 F.2d 459, which had held that § 212(c) required all aliens to accrue seven years after becoming a lawful permanent resident.
 
 
 7
 It is well settled that "[t]his panel is 'bound by [the] decision[ ] of [a] prior panel [ ] unless an en banc decision, Supreme Court decision, or subsequent legislation undermines [that] decision [ ].' " Visness v. Contra Costa County, 57 F.3d 775, 778 (9th Cir.1995), cert. denied, 116 S.Ct. 828 (1996) (citing United States v. State of Washington, 872 F.2d 874, 880 (9th Cir.1989) (internal quotations omitted)); Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1285 (9th Cir.), cert. denied sub nom. Hoffi v. City of Seattle, 506 U.S. 953 (1992) ("[I]t is well-established that we may reconsider earlier Ninth Circuit precedent only by en banc review or after an intervening Supreme Court decision.") (citation omitted). Because no en banc decision, Supreme Court decision, or subsequent legislation has been handed down since de Robles, we are obligated to follow it.[6]
 
 IV.
 
 8
 For this reasons, we GRANT Valencia-Enriquez's petition, REVERSE the decision of the BIA, and REMAND to the IJ for him to exercise his discretion to grant or deny relief under § 212(c).
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have jurisdiction over this petition pursuant to 8 U.S.C. § 1105a(a)
 
 
 [2]
 In relevant part, Section 212(c) reads:
 Aliens lawfully admitted for permanent resident [sic] who temporarily proceeded abroad voluntarily and not under order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General ...
 8 U.S.C. § 1182(c). "Although originally applicable only to exclusion proceedings, § 1182(c) has been extended to deportation proceedings when deportees meet the requirements of the statute." Castillo-Felix, 601 F.2d at 462.
 
 
 [3]
 In a long line of cases spanning back to 1953, the BIA had consistently interpreted § 212(c) to require an alien to accrue the seven years of "lawful unrelinquished domicile" after becoming a lawful permanent resident. Matter of Kim, 17 I. & N.Dec. 144, 145-46 (BIA 1979); Matter of Newton, 17 I. & N.Dec. 133, 135 (BIA 1979); Matter of Anwo, 16 I. & N.Dec. 293, 297-98 (BIA 1977), aff'd, 607 F.2d 435 (D.C.Cir.1979); Matter of S-, 5 I. & N.Dec. 116, 118 (BIA1953)
 
 
 [4]
 Specifically, the Service contends de Robles contradicts Congressional policy in two ways. First, de Robles effectively expands the class of aliens eligible for relief, in spite of the fact that "Congress enacted § 1182(c) primarily to limit the class of aliens eligible for relief." Castillo-Felix, 601 F.2d at 466 (footnote omitted) (emphasis added). Second, de Robles undercuts the requirements of Section 244(a) of the INA, which grants aliens meeting certain criteria a suspension of deportation. 8 U.S.C. § 1254(a)(1). Section 244(a) requires an alien to show that he has "good moral character," that deporting him would result in "extreme hardship," and that he has seven years of "continuous physical presence" in the United States. Id. De Robles, by excusing amnesty applicants under § 245A from having to show seven years of lawful permanent residence, in effect converts § 212(c)'s "unrelinquished lawful domicile" requirement into one of "continuous physical presence." Because § 212(c) has no other requirements (except that the applicant be a lawful permanent resident at the time he requests the relief), de Robles allows aliens who would otherwise only qualify under Section 244(a) to qualify under Section 212(c) without having to show "good moral character" and "extreme hardship." See Castillo-Felix, 601 F.2d at 466-67 (making this same argument)
 The Service also argues that de Robles yields absurd results, because an alien who entered the United States illegally but was granted amnesty under § 245A can count time as a "lawful permanent resident" and as a "temporary permanent resident" toward § 212(c)'s seven-year requirement, while an alien who entered the country legally with a visa can count only the time he was here as a "lawful permanent resident" toward his seven years. Treating aliens who entered the country illegally more favorably than those who entered it legally, the Service contends, is contrary to common sense.
 
 
 [5]
 In relevant part, Regulation 212.3(f)(2) reads:
 A district director or Immigration Judge shall deny an application for advance permission to enter under section 212(c) of the Act if ... [t]he alien has not maintained lawful permanent resident status in the United States for at least 7 years immediately preceding the filing of the application.
 
 
 [8]
 C.F.R. § 212.3(f)(2)
 
 
 [6]
 We observe that the rule we set down in de Robles has been adopted by other Circuits. See White v. INS, 75 F.3d 213, 216 (5th Cir.1996); Castellon-Contreras v. INS, 45 F.3d 149, 153 (7th Cir.1995)