In re Raymond CERVANTES, Debtor.

Raymond CERVANTES, Plaintiff,

v.

SANTA CRUZ COUNTY, Defendant.

Bankruptcy No. 96–56831–JRG.
Adversary No. 97–5046.

United States Bankruptcy Court,
N.D. California.

Sept. 4, 1997.

James M. Lauderdale, Andrew M. Lauderdale, Lauderdale Law Ofices, Monterey, CA, for debtor.

Arthur Danner, III, District Attorney, Kimberly S. Mel, Assistant District Attorney, Family Support Division, Santa Cruz County, Santa Cruz, CA, for defendant.

### *ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT*

JAMES R. GRUBE, Bankruptcy Judge.

## I. *INTRODUCTION*

Before the court are cross-motions for summary judgment brought by the debtor, Raymond Cervantes, and the defendant, Santa Cruz County. The debtor initiated this adversary proceeding to determine the dischargeability of his child support obligations

to the County in connection with his pending Chapter 13 case. Having considered the briefs and oral argument by counsel, the court finds that the pre-judgment arrearages owed to the County are dischargeable, but that the debtor's post-judgment support obligations are nondischargeable under § 523(a)(5) of the Bankruptcy Code.

## II. BACKGROUND

The relevant facts were stipulated to by the parties. Monica Samudio is a single mother with a child, Samantha Cervantes. In March 1993, she applied for public assistance on behalf of Samantha. As a condition of eligibility for assistance, Ms. Samudio assigned to the County any accrued rights to support from Mr. Cervantes which she had on behalf of herself or her daughter. At the time she assigned the right to support, Mr. Cervantes had not been established to be Samantha's father.

The County began providing public assistance in March 1993. In October 1994, the County obtained a judgment against the debtor establishing paternity and monthly support payments of $219 per month. The Judgment also ordered Mr. Cervantes to reimburse the County for child support for the period March 1993 through September 1994 in the amount of $4,161.

In September 1996, the debtor filed a petition seeking relief under Chapter 13 of the Bankruptcy Code, which subsequently gave rise to this dischargeability action. Before addressing the substance of the motions, the court first reviews the legal standard for motions for summary judgment.

## III. LEGAL STANDARD

Both parties have moved for summary judgment under Federal Rule of Civil Procedure 56, which is made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056. Summary judgment is appropriate where no genuine issue of material fact exists and a party is entitled to prevail in the case as a matter of law. Fed.R.Civ.P. 56(c); *Bhan v. NME Hospitals, Inc.,* 929 F.2d 1404, 1409 (9th Cir. 1991), *cert. denied,* 502 U.S. 994, 112 S.Ct. 617, 116 L.Ed.2d 639 (1991), *citing, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Because the parties have stipulated to the relevant facts, the issues before the court are strictly legal in nature, and as such, are appropriately determined by summary judgment.

## IV. DISCUSSION OF DISCHARGEABILITY OF SUPPORT OBLIGATIONS

The issue of the dischargeability of child support obligations is especially difficult because it requires an understanding of the relationship between statutes which were created at different times and which have undergone various amendments over the years. Since the passage of the Bankruptcy Reform Act of 1978, Congress has made a number of changes to the Bankruptcy Code which affect the dischargeability of child support obligations. The Code now references a provision in the Social Security Act, which is in turn implemented by State law. The court will look first to the relevant Bankruptcy Code provision, § 523(a)(5). The court will then examine the applicable portion of the Social Security Act referenced in § 523(a)(5) and the state law designed to implement its requirements. From these provisions, the court will determine if the debts in this case have been assigned in a manner which makes them nondischargeable.

### A. Under Bankruptcy Code § 523(a)(5), a Debt is Non-dischargeable if Assigned Pursuant to § 402(a)(26) of the Social Security Act [42 U.S.C. § 602(a)(26)].

Section 523(a) of the Bankruptcy Code renders particular types of debts nondischargeable in bankruptcy. The original version of § 523(a)(5) provided that all support debts "to a spouse, former spouse, or child of the debtor" were nondischargeable, except for those debts assigned to other entities. In 1981, the Omnibus Budget Reconciliation Act made debts "assigned pursuant to section 402(a)(26) of the Social Security Act" nondischargeable as well. The version of § 523(a)(5) applicable to the facts in this case renders nondischargeable debts that are owed:

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

    (a) such debt is assigned to another entity, voluntarily, by operation of law or otherwise *(other than debts assigned pursuant to section 402(a)(26) of the Social Security Act* [42 U.S.C. § 602(a)(26) ], or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State).

11 U.S.C. § 523(a)(5) (emphasis added).[1]

■ In other words, if a debt in the nature of support is owed to a "spouse, former spouse, or child of the debtor," and the debt is owed "in connection with a separation agreement, divorce decree or property settlement agreement, or other order of a court," and the debt has been assigned pursuant to 42 U.S.C. § 602(a)(26), it is not dischargeable under § 523(a)(5)(A).

**B.** ***Section 602(a)(26) of Title 42 Requires the Recipient of Aid to Assign Accrued Support Rights to the State.***

Section 602(a)(26) requires a state that is participating in the AFDC program to condition eligibility for AFDC aid on an appli-

cant's assignment to the state of any support rights which have accrued at the time such assignment is executed. Section 602(a)(26) provides in part:

A State plan for aid and services to needy families with children must ... provide that, as a condition of eligibility for aid, each applicant or recipient will be required ... to *assign the State any rights to support* from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) *which have accrued at the time such assignment is executed.*

42 U.S.C. § 602(a)(26) (emphasis added.)

California implemented the directives contained in § 602(a)(26) by passing California Welfare and Institutions Code § 11477(a), which closely tracks the language of § 602(a)(26):

As a condition of eligibility for aid paid under this chapter, each applicant or recipient shall (a) *Assign to the county any rights to support* from any other person such applicant may have in their own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and *which have accrued at the time such assignment is made.* Receipt of public assistance under this chapter shall operate as an assignment by operation of law. An assignment of support

1. Other amendments to § 523(a)(5) which were added after the 1981 amendment do not affect the decision in this case. In 1984, the Bankruptcy Amendments & Federal Judgeship Act added the words "or other order of court or record" to make nondischargeable debts for support of children born out of wedlock. In that same act, Congress added to the list of nondischargeable support debts "any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State." This amendment does not affect the present case because the assignment was made in accordance with the authorization provided by § 602(a)(26) and by the operation of Cal. Welfare and Institutions Code § 11477(a). In 1988, the Bankruptcy Judges, U.S. Trustees, and Family Farmer Bankruptcy Act added the phrase "determination made in accordance with State or territorial law by a governmental unit" in order to make support determinations nondischargeable which are

made by government entities other than courts, such as hearing officers and commissioners of agencies.

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.L. 104–193 (August 22, 1996), struck the reference in § 523(a)(5) to "section 402(a)(26)" of the Social Security Act and inserted "section 408(a)(3)" of the Social Security Act. However, the corresponding amendments to Section 402(a)(26) of the Social Security Act (42 U.S.C. § 602(a)(26)), and to section 408(a)(3) of the Social Security Act (42 U.S.C. § 608(a)(3)), did not become effective until July 1, 1997, well after the filing of the instant bankruptcy petition. Therefore, the court decides the instant motions in accordance with section 402(a)(26) of the Social Security Act (42 U.S.C. § 602(a)(26)). The court does not reach the issue of whether the section of the Social Security Act applicable in future cases would change the result the court reaches today.

rights to the county shall also constitute an assignment to the state....

Cal.Welf. & Inst.Code § 11477(a) (emphasis added).

Thus, the key issue in this case is whether Monica Samudio assigned "accrued" rights to support to the County. If so, those are rights assigned pursuant to § 602(a)(26) and § 11477, and the resulting support obligations owed by the debtor to the County are nondischargeable under § 523(a)(5)(A). In this case, the dischargeability determination must be made separately for the pre-judgment and post-judgment arrearages.

### C. *The Pre-judgment Arrearages Owed to the County as Reimbursement for Support Payments to Ms. Samudio are Dischargeable.*

■ The pre-judgment arrearages are dischargeable because Monica Samudio did not possess any accrued support rights which she could assign at the time she applied for aid from the County. Applying California law, the Ninth Circuit has held that a support decree or settlement agreement must be in place for an assignable right of support to exist. *In re Visness,* 57 F.3d 775, 781–1 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 828, 133 L.Ed.2d 770 (1996); *In re Ramirez,* 795 F.2d 1494, 1498 n. 3 (9th Cir. 1986), *cert. denied,* 481 U.S. 1003, 107 S.Ct. 1624, 95 L.Ed.2d 198 (1987). In this case, neither an agreement to pay child support nor a decree establishing a support obligation was in effect at the time Ms. Samudio applied for aid. Therefore, she could not have assigned any accrued support rights to the County at that time.

The County argues that the 1991 amendments to another California statute, California Welfare and Institutions Code § 11350, render the debt nondischargeable under the Bankruptcy Code. The court disagrees. Section 11350 allows a county to sue a non-custodial parent to reimburse it for the amount of AFDC aid paid to the family during a period of separation or desertion. The pre–1991 version of § 11350 states in part:

> In any case of separation or desertion of a parent or parents from a child or children which results in aid under this chapter being granted to such family, *the noncustodial parent or parents shall be obligated to the county* for an amount equal to:
>
> a) The amount specified in an order for the support and maintenance of such family issued by a court of competent jurisdiction ...

Cal.Welf. & Inst.Code § 11350 (emphasis added).

■ For purposes of determining dischargeability, the Ninth Circuit has treated debts arising from the operation of § 11350 as separate and distinct from debts qualifying under § 523(a)(5) of the Bankruptcy Code. *See Visness,* 57 F.3d at 781. The facts of the instant case are similar to those of *Visness,* in that the applicant applied for and received aid before an order was in place establishing paternity and support payments. In *Visness,* the court determined that the noncustodial parent owed a debt *directly to the county* by operation of § 11350. This is clearly different from a debt owed "to a spouse, former spouse, or child of the debtor," as is required by § 523(a)(5). *Visness,* 57 F.3d at 781. Therefore, a debt arising from the operation of § 11350 does not fall under the provisions of § 523(a)(5), and is dischargeable in bankruptcy.

The 1991 amendments to § 11350 do not change this result. The County argues that *Visness* is distinguishable because the facts in that case arose before 1991, and that the 1991 amendments to § 11350 render the debt in this case nondischargeable under § 523(a)(5). Section 11350 now provides in relevant part:

> (a) In any case of separation or desertion of a parent or parents from a child or children which results in aid under this chapter being granted to that family, the noncustodial parent or parents shall be obligated to the county for an amount equal to the following:
>
> (1) the amount specified in an order for the support and maintenance of such family issued by a court of competent jurisdiction; or in the absence of such court order, the amount specified in paragraph (2).

(2) *The amount of support which would have been specified in an order for the support and maintenance of the family during the period of separation or desertion provided that any such amount in excess of the aid paid to the family shall not be retained by the county, but disbursed to the family ....*

Calif.Welf. & Inst.Code § 11350(a) (emphasis added).

The amended § 11350 has not changed the fact that the debt is still *owed directly to the county.* Therefore, the debt does not fall under the nondischargeability provisions in § 523(a)(5). *See Browning v. County of Stanislaus,* 161 B.R. 841, 846 (Bkrtcy. E.D.Cal.1993) ("[T]he revisions to section 11350 do not change that the debt is still owed directly to the County. [Federal] nondischargeability statutes require that the child support debt assigned to the County be owed respectively 'to a spouse, former spouse, or child of the debtor'.")

■ The County also argues that the amended § 11350 somehow creates retroactive "accrued rights." While the County's position is not entirely clear, the County appears to argue that § 11350 provides the family with a retroactive right to support, even though a support order is not yet in place, and that these retroactive rights are assigned pursuant to § 602(a)(26) and 11477(a), allowing the County to be reimbursed for the AFDC aid provided prior to a judgment having been entered. Principles of

statutory interpretation do not lend support to the County's position. Section 11350 does not provide for retroactive assignment of support rights for purposes of § 602(a)(26). Instead, § 11350 establishes the *amount of debt* owed to the County, not the custodial parent's *right* to support payments. At the very least, acceptance of the County's argument would require a considerable twisting of the language of § 11350 by the court, which the court declines to do.

■ The County also argues that the addition of paragraph (a)(18) to § 523 by the 1996 Welfare Reform Act makes the pre-judgment arrearages nondischargeable.[2] Section 523(a)(18) closely mirrors the language of another federal statute, 42 U.S.C. § 656(b).[3] By adding § 523(a)(18) to the Bankruptcy Code, Congress effectuated in bankruptcy cases the dischargeability provision found at 42 U.S.C. § 656(b). However, Congress did not amend § 1328(a) of the Bankruptcy Code to include § 523(a)(18) as one of the enumerated exceptions to the "superdischarge" afforded a debtor who successfully completes his Chapter 13 plan.[4] Presumably, if Congress had intended to make debts under § 523(a)(18) nondischargeable in Chapter 13 cases, it would have added § 523(a)(18) as an exception to a debtor's "superdischarge" under § 1328(a), as it did, for example, with § 523(a)(5). Because Congress has not done so, § 523(a)(18) cannot be considered a legal basis upon which to find the pre-judgment

2. Section 523(a)(18) of the Bankruptcy Code provides that:
(a) A discharge ... does not discharge an individual debtor from any debt—
(18) owed under State law to a State or municipality that is—
(A) in the nature of support, and
(B) enforceable under part D of title IV of the Social Security Act (42 U.S.C. 601 et. seq.).

3. 42 U.S.C. § 656(b) provides:
A debt (as defined in section 101 of Title 11) owed under State law to a State (as defined in such section) or municipality (as defined in such section) that is in the nature of support and that is enforceable under this part is not released by a discharge in bankruptcy under Title 11.
Section 656(b) of Title 42 was amended, and § 523(a)(18) of Title 11 was added, by § 374 of

the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.L. 104–193 (August 22, 1996). Section 523(a)(18) is applicable in bankruptcy cases commenced after August 22, 1996.

4. 11 U.S.C. § 1328(a) provides:
As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—
(1) provided for under section 1322(b)(5) of this title; or
(2) of the kind specified in paragraph (5), (8), or (9) of section 523(a) or 523(a)(9) of this title.

debt nondischargeable in this Chapter 13 case.

**D. *The Post-judgment Support Debts Owed to the County are Nondischargeable under Bankruptcy Code § 523(a)(5).***

 Under § 402(a)(26) of the Social Security Act, the assignment of support rights continues as long as the family receives assistance. *See In re Ramirez,* 795 F.2d 1494, 1498 (9th Cir.1986); *In re Stovall,* 721 F.2d 1133, 1135 (7th Cir.1983). As a result, once a support order is in place, the recipient of aid continually assigns support rights to the County each time she receives a payment, pursuant to § 11477 of the Calif. Welf. & Inst.Code and § 602(a)(26) of Title 42. Therefore, in this case, once the paternity and support judgment was entered, the post-judgment support rights were continually assigned to the County and, as a result, the post-judgment arrears owing to the county are nondischargeable under the provisions of § 523(a)(5)(A).

The debtor argues that the post-judgment arrearages are dischargeable because the payments he has made post-judgment have been applied towards arrearages owed to the County, making the debt one to the County rather than the family. This disregards the fact that the post-judgment arrearages are the result of the continual assignment of the family's accrued rights to support under § 11477, and pursuant to § 602(a)(26), which the Bankruptcy Code expressly provides is a nondischargeable debt under § 523(a)(5)(A).

**V. *CONCLUSION***

For the foregoing reasons, the cross-motions for summary judgment are both granted in part and denied in part. The court finds that the pre-judgment child support arrearages owed to the County in the amount of $4,161 are dischargeable, and the post-judgment arrearages in the amount of $219 per month are nondischargeable.

The foregoing shall constitute the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 and Fed.R.Civ.P. 52. Counsel for plaintiff shall lodge a proposed form of judg-ment in conformity with this decision within 20 days. The proposed form of judgment shall be approved as to form by the County.