Filed 2/3/25  Baer v. Grammer CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAN W. BAER et al.,<br><br>    Plaintiffs and Respondents,<br><br>       v.<br><br>DONALD B. GRAMMER,<br><br>    Defendant and Appellant. | G062855<br><br>(Super. Ct. No. 30-2020-01143063)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Lon F. Hurwitz, Judge. Affirmed.

Blank Rome, Gregory M. Bordo, Christopher J. Peterson and Benjamin Wigley for Defendant and Appellant.

Newmeyer & Dillon, Benjamin P. Pugh and Michelle D. Brunson for Plaintiffs and Respondents.

\*     \*     \*

INTRODUCTION

In May 2011, a judgment was entered in favor of the plaintiffs in this action, Dan W. Baer and Southern California Sunbelt Developers, Inc. (SCSD) (collectively, Plaintiffs) and against several limited partnerships. As prevailing parties, Plaintiffs were entitled to recover costs of suit but due to various twists and turns, including appeals, bankruptcies, and motions to tax costs by the limited partnerships, a judgment incorporating the actual amount of costs was not entered until January 2019. In May 2020, Plaintiffs filed a complaint to enforce the judgment for costs against defendant Donald B. Grammer (Defendant) and two limited partnerships on the ground they were at relevant times the general partners of the judgment debtor limited partnerships.

The trial court granted a motion for judgment on the pleadings brought by Plaintiffs and judgment was entered in their favor. Defendant appealed from the judgment.

Defendant makes one contention on appeal: He contends that Plaintiffs' complaint is time-barred because it was subject to the three-year statute of limitations of Code of Civil Procedure section 338, subdivision (a) (section 338(a)) for "[a]n action upon a liability created by statute." Plaintiffs argue, and the trial court concluded, the complaint was timely filed because it was subject to the 10-year statute of limitations of Code of Civil Procedure section 337.5, subd. (b) (section 337.5(b)) for "[a]n action upon a judgment . . . of any state within the United States."

We do not decide which is the applicable statute of limitations because Plaintiffs' complaint was timely under the shorter statute of limitations of section 338(a). Plaintiffs' cause of action did not accrue until January 2019, when a judgment incorporating the amount of costs was

2

entered. Before that time, Plaintiffs could not have prosecuted an action to recover those costs from the general partners. The complaint was timely because it was filed within three years of January 2019. We therefore affirm the judgment.

FACTS

I.

THE VAN DAN LITIGATION AND THE ORIGINAL JUDGMENT

Banyan Limited Partnership (Banyan), Pear Tree Limited Partnership (Pear Tree), Orange Blossom Limited Partnership (Orange Blossom), and Apple Orchard Limited Partnership (Apple Orchard) are Nevada limited partnerships. Apple Management Services, LLC, (Apple Management) is a Texas limited liability company.

In 1996, several limited partnerships, including Banyan, Pear Tree, and Orange Blossom, sued Plaintiffs in a case titled *Van Dan Limited et al. v. Dan W. Baer et al.*, Orange County Superior Court case No. 764271 (the Van Dan Lawsuit). After four lengthy phases of trial, Banyan, Pear Tree and Orange Blossom were awarded no recovery from Baer, and Banyan and Orange Blossom were awarded no recovery from SCSD.

A judgment (the Original Judgment) was entered in May 31, 2011. At that time, Grammer was the general partner of Pear Tree and Orange Blossom, and Apple Orchard was the general partner of Banyan. In July 2013, Apple Management became Banyan's general partner in place of Apple Orchard, and Apple Management became the general partner of Pear Tree and Orange Blossom in place of Grammer.

3

## II.

### APPEALS, MOTIONS TO TAX COSTS, BANKRUPTCIES, AND THE CORRECTED JUDGMENT

Banyan, Pear Tree, and Orange Blossom appealed the Original Judgment. Baer appealed a postjudgment order granting certain plaintiffs' motion for a new trial and modifying the statement of decision.

In August 2011, Baer and SCSD each filed a memorandum of costs. Banyan, Pear Tree, and Orange Blossom brought a motion to tax and or strike those costs (the motion to tax costs). In November 2011, the trial court stayed the hearing on the motion to tax costs until the pending appeals were resolved.

Plaintiffs brought a motion to correct clerical errors in the Original Judgment. The trial court granted the motion and, in November 2011, a Corrected Final Judgment *Nunc Pro Tunc* (the Corrected Judgment) was entered. Both the Original Judgment and the Corrected Judgment left blanks for the amounts of costs.

In August 2013, we issued an opinion in *Banyan Limited Partnership et al. v. Baer* (Aug. 12, 2013, G045584) (nonpub. opn.) affirming the judgment, an opinion in *Banyan Limited Partnership et al. v. Baer* (Aug. 12, 2013, G045797) (nonpub. opn.) reversing the postjudgment order for a new trial, and an opinion in *Banyan Limited Partnership et al. v. Baer* (Aug. 12, 2013, G046428) (nonpub. opn.) affirming a postjudgment order denying attorney fees to both sides. Remittiturs for all three appeals were issued on October 15, 2013.

But in September 2013, before issuance of the remittiturs, Banyan, Pear Tree, and Orange Blossom each filed for Chapter 7 bankruptcy. Plaintiffs sought relief from the automatic bankruptcy stay in order to allow

the trial court to determine the amounts of their recoverable costs. The bankruptcy court granted relief from stay in August 2014.

On November 13, 2014, following a hearing, the trial court entered an order partially granting and partially denying Banyan, Pear Tree, and Orange Blossom's motion to tax costs. The court's order resulted in net cost awards of $42,091.48 to Baer and $40,749.24 to SCSD. The court granted Banyan and Orange Blossom's motion to strike $281,264.94 in costs claimed by SCSD for a court-appointed receiver.

Banyan, Pear Tree, and Orange Blossom appealed the order on the motion to tax costs. In August 2016, we issued an opinion in *Banyan Limited Partnership et al. v. Baer* (Aug. 17, 2016, G051282) (*Banyan I*) affirming the order as to Baer. SCSD also appealed the order granting the motion to strike the costs of the court-appointed receiver. In a published opinion, *Southern California Developers, Inc. v. Banyan Limited Partnership* (2017) 8 Cal.App.5th 910 (*Banyan II*), we reversed the order granting the motion to tax costs and remanded with directions to the trial court to decide whether to award receivership costs. (*Id*. at pp. 915, 934.) Remittitur was issued on October 19, 2016.

In August 2017, Plaintiffs filed a memorandum of costs for their costs incurred in connection with the two appeals of the order on the motion to tax costs. Banyan, Pear Tree, and Orange Blossom filed motions to strike or tax those costs. The trial court denied the motions in October 2017.

5

## III.

### THE CORRECTED FINAL JUDGMENT

On January 15, 2019, a Further Corrected Final Judgment Nunc Pro Tunc (the Corrected Final Judgment) was entered in the Van Dan Lawsuit. The Corrected Final Judgment incorporated the dollar amounts of the prejudgment and appellate costs previously awarded to Plaintiffs. The fees totaled $42,091.48 in favor of Baer, $331,321 in favor of SCSD, and $1,933.93 in favor of Plaintiffs.[1]

### PROCEDURAL HISTORY

On May 26, 2020, Plaintiffs filed their complaint in this lawsuit, which asserted a single cause of action for general partner liability against Defendant, Apple Orchard, and Apple Management. Plaintiffs requested a judgment finding that Defendant, Apple Orchard, and Apple Management were liable for the costs reflected in the Corrected Final Judgment. Plaintiffs alleged that Defendant was personally liable for the monetary costs of suit awarded against Pear Tree and Orange Blossom in the Corrected Final Judgment by virtue of having been the general partner of Pear Tree and Orange Blossom as of May 2011. Plaintiffs also alleged that Defendant, though never a general partner of Banyan, was personally liable for the

---

[1] The specific amounts were: (1) $42,091.48 in favor of Baer and against Banyan, Orange Tree, and Pear Tree; (2) $40,749.24 in favor of SCSD and against Banyan and Orange Tree; (3) $281,264.94 in receivership fees in favor of SCSD and against Banyan and Orange Blossom; (4) $1,933.93 in appellate fees in favor of Plaintiffs and against Banyan, Orange Blossom and Pear Tree for *Banyan I,* and (5) $9,306.77 in appellate fees in favor of SCSD and against Banyan and Orange Blossom in *Banyan II.*

monetary costs of suit awarded against Banyan by virtue of having been a general partner of Apple Orchard as of May 2011.[2]

Apple Orchard did not respond to the complaint and its default was taken.

In June 2021, Plaintiffs brought a motion for judgment on the pleadings. The evidence presented with the motion established that Defendant, Apple Orchard, and Apple Management were at relevant times the general partners of Banyan, Pear Tree, and Orange Blossom; the costs reflected in Corrected Final Judgment had not been paid; and Banyan, Pear Tree, and Orange Blossom were insolvent.

Defendant and Apple Management opposed the motion for judgment on the pleadings on the ground the complaint was time-barred. They argued the applicable statute of limitations was three years under section 338(a) and Plaintiffs cause of action accrued in May 2011 when the Original Judgment was entered.

The trial court granted Plaintiffs' motion for judgment on the pleadings. The court found that Plaintiffs had satisfied every element necessary to enforce the costs judgment against Defendant, Apple Orchard, and Apple Management, with one exception not pertinent to this appeal. The court concluded the complaint was an action upon a judgment and therefore subject to the 10-year statute of limitations of section 337.5.

---

[2] Plaintiffs alleged Apple Management was liable for the costs of suit awarded against Pear Tree and Orange Blossom in the Corrected Final Judgment by virtue of having been the general partner of Pear Tree and Orange Blossom as of January 2019. Plaintiffs alleged Apple Orchard was liable for the costs of suit awarded against Banyan by virtue of having been Banyan's general partner as of May 2011, and Apple Management was liable for those costs by virtue of having been the general partner of Banyan as of January 2019.

7

Judgment in favor of Plaintiffs was entered in May 2023. Defendant timely appealed. Apple Management did not appeal the judgment.

## DISCUSSION

## I.

### STANDARD OF REVIEW

A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review. (*Adams v. Bank of America, N.A.* (2020) 51 Cal.App.5th 666, 670.) We may affirm a judgment on the pleadings on any ground for upholding the trial court's decision regardless of whether the trial court relied on that ground. (*Pacific Merchant Shipping Assn. v. Newsom* (2021) 67 Cal.App.5th 711, 725.)

## II.

### PLAINTIFFS' CAUSE OF ACTION WAS TIMELY UNDER THE THREE-YEAR STATUTE OF LIMITATIONS

A. *Relevant Statutes of Limitations and Accrual*

The statute of limitations is 10 years for "[a]n action upon a judgment or decree of any court of the United States or of any state within the United States." (§ 337.5(b).) Plaintiffs contend this 10-year limitations period applies to their complaint because, they argue, it is an action to enforce the Final Corrected Judgment. The statute of limitations is three years for "[a]n action upon a liability created by statute, other than a penalty or forfeiture." (§ 338(a).) Defendant contends this three-year limitations period applies to Plaintiffs' complaint because, he argues, it sought to impose liability against a general partner for the debts of a limited partnership, and limited partnerships are a creature of statute.

8

Under both section 337.5 and section 338, the limitations period does not commence until the cause of action has accrued. (Code Civ. Proc., § 312; see *Travis v. County of Santa Cruz* (2004) 33 Cal.4th 757, 773 [section 338]; *Kertesz v. Ostrovsky* (2004) 115 Cal.App.4th 369, 373 [section 337.5].) "Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.' [Citations.]" (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806-807.) "The applicable statute of limitations does not begin to run until the cause of action accrues, that is, "'until the party owning it is entitled to begin and prosecute an action thereon.'" [Citation.]" (*Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 487.)

B. *Plaintiff's Cause of Action Accrued No Earlier Than the Date of Entry of the Final Corrected Judgment*

1. Summary

Plaintiffs' complaint, if deemed to be an action upon a judgment, was timely under section 337.5 because it was filed within ten years of the date of entry of the Original Complaint, the date on which Defendant contends the cause of action accrued. Defendant does not deny the complaint is timely under the 10-year statute of limitations.

Plaintiffs' complaint, if deemed to be an action upon a liability created by statute, was timely under section 338(a) because it was filed within three years of the date on which the cause of action accrued. Plaintiffs' cause of action to hold the general partners liable for the Corrected Final Judgment accrued no earlier than that January 15, 2019 because that was the date on which a judgment incorporating the amount of costs was entered. Plaintiffs could not have prosecuted their cause of action against

9

Defendant until they had an enforceable money judgment against Banyan, Pear Tree, and Orange Blossom.

2. The Nevada Limited Partnership Liability Statutes

Banyan, Pear Tree, and Orange Blossom are Nevada limited partnerships governed by Nevada law. For that reason, Defendant contends the statutes which would create liability are the Nevada statutes governing limited partnerships. California law governing limited partnerships is substantially the same. The California equivalents of the Nevada statutes are cited.

Under Nevada Revised Statutes section 88.455(2), a general partner of a limited liability partnership has the same liabilities as a general partner in a partnership without limited partners to persons other than the partnership and other partners. (See Corp. Code, § 15904.04.) A person who becomes a general partner of a limited liability partnership is not personally liable for obligations of the limited partnership incurred before that person became a general partner. (Nev. Rev. Stat., § 87A.365(2); see Corp. Code, § 15904.04, subd. (b).)

Under Nevada Revised Statues section 87A.370(1), "a general partner may be joined in an action against the limited partnership *or named in a separate action.*" (Italics added.) A judgment against a limited partnership is not in itself a judgment against a general partner, and a judgment against a limited partnership may not be satisfied from a general partner's assets unless there is also a judgment against the general partner. (Nev. Rev. Stat., § 87A.370(2); see Corp. Code, § 15904.05, subd. (b).)

10

A judgment creditor may not levy execution against the general partner's assets to satisfy a claim against the limited partnership unless (1) the general partner is personally liable for the claim under Nevada Revised Statutes section 87A.365 and (2) any one of five conditions is met. The condition relevant here is, "[a] court grants permission to the judgment creditor to levy execution against the assets of a general partner based on a finding that limited partnership assets subject to execution are clearly insufficient to satisfy the judgment." (Nev. Rev. Stat., § 87A.370(3)(d); see Corp. Code, § 15904.05, subd. (c)(4).)

### 3. Plaintiffs Did Not Have an Enforceable Money Judgment Until Entry of the Corrected Final Judgment

Plaintiffs brought this lawsuit in order to obtain a judgment under section 87A.370 by which the Corrected Final Judgment could be enforced against the general partners of Banyan, Pear Tree, and Orange Blossom. In granting Plaintiff's motion for judgment on the pleadings, the trial court found that Plaintiffs had satisfied the requirements of sections 87A.365 and 87A.370 and found, pursuant to section 87A.370(3)(d), the assets of the limited partnerships were "clearly insufficient to satisfy the judgment against them."

The liability created by the Nevada statutes against a general partner cannot arise unless and until there is an enforceable judgment against the limited liability partners for the liabilities of a limited liability partnership. That would mean, in this case, the liability would not have been created until entry of a judgment incorporating the actual amount of costs incurred by Plaintiffs. Although Plaintiffs filed their first cost memoranda in August 2011, as required by California Rules of Court, rule 3.1700(a)(1)), a

11

memorandum of costs itself is not enforceable. "'[*T*]*rial court costs* are a mere incident of the main judgment and not separately enforceable.'" (*Rostack Investments, Inc. v. Sabella* (2019) 32 Cal.App.5th 70, 78.) "When a judgment includes an award of costs and fees, often the amount of the award is left blank for future determination. [Citation.] After the parties file their memoranda of costs and any motions to tax, a postjudgment hearing is held and the trial court makes its determination of the merits of the competing contentions. When the order setting the final amount is filed, the clerk enters the amounts on the judgment nunc pro tunc. [Citation.]" (*Grant v. List and Lathrop* (1992) 2 Cal.App.4th 993, 996-997; see *Lucky United Properties Investments, Inc. v. Lee* (2013) 213 Cal.App.4th 635, 650 ["the amount of the cost award is incorporated into the judgment"].)

Because an award of costs is not separately enforceable, a cause of action to enforce a costs-only judgment can only accrue once a judgment incorporating the amount of costs is entered or upon the entry by the clerk of the amount of costs onto an existing judgment. Further, a money judgment must be for a sum certain. (*Crider v. Superior Court* (1993) 15 Cal.App.4th 227, 233; see *Miller v. Superior Court* (1937) 9 Cal.2d 733, 736 [a money judgment "adjudicates the amount owing"].) Before entry of the Final Corrected Judgment in January 2019, Plaintiffs could not have prosecuted an action under the Nevada Statutes to recover their prevailing party costs from Defendant and the other general partners because the Original Judgment and the Corrected Judgment did not include the amount of those costs and thus was not for a sum certain.

Nevada Revised Statutes section 87A.370 speaks of a "levy execution" against the assets of a general partner to satisfy a judgment, which cannot happen without a money judgment to execute upon. The trial

12

court could not have found that the limited partnership assets were "clearly insufficient to satisfy the judgment" (Nev. Rev. Stat., § 87A.370(3)(d)) until a judgment in an amount certain had been entered.

Not until January 2019, with entry of the Final Corrected Judgment, did Plaintiffs have a money judgment against the limited partners to enforce against the general partners. Only then, at the earliest, was any liability against Defendant created by the Nevada limited partnership statutes.

Defendant argues the general partners' liability for costs was incurred when the Original Judgment was entered. The Corrected Final Judgment was rendered nunc pro tunc, and Grammer's liability for costs is thus deemed to have been incurred when the Original Judgment was entered in May 2011. But incurrence of liability for costs is not the same as accrual of a cause of action to recover those costs. While Grammer's liability for costs is deemed to have been *incurred* in May 2011, Plaintiffs' cause of action to recover those costs did not *accrue* until January 15, 2019, when a judgment incorporating the amount of those costs was entered.

## DISPOSITION

The judgment is affirmed. Plaintiffs may recover costs on appeal.


SANCHEZ, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.